UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated,<br><br>                  **Plaintiff,**<br><br>vs.<br><br>BOJANGLES RESTAURANTS, INC.,<br><br>                  **Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Plaintiff's Original Complaint for Failure to State a Claim, (Doc. No. 8), and on Defendant's Motion to Dismiss the Amended Complaint for Failure to State a Claim, (Doc. No. 14).

### I. BACKGROUND

Plaintiff Robert Stafford, Jr., a homosexual male, alleges that Defendant Bojangles hired him in April 2018 and then terminated his employment in February 2020 based on his sexual orientation. (Doc. No. 10 at ¶¶ 3, 33, 41, 68: Am. Compl.). Plaintiff was open and honest at work about his sexual orientation, and his boyfriend would often visit him at work. (Id. at ¶ 41). Plaintiff alleges that his Area Director at Bojangles commented on his manicured nails and that a supervisor told him to "watch his mannerisms," which Plaintiff attributes to his sexual orientation. (Id. at ¶¶ 42-44). Plaintiff also alleges that he was "paid significantly less than the other shift managers," and he names three individuals and their hourly pay rates. (Id. at ¶¶ 55-57). He also alleges that he was promised promotion to Assistant Unit Director, "but each time,

1

on at least three occasions, Defendant filled the positions with other employees, all heterosexual, and all of whom Plaintiff had trained." (Id. at ¶ 58). He alleges that two heterosexual employees engaged in misconduct or had attendance issues and were not terminated despite his allegation upon "information and belief" that he would have been terminated had he engaged in those behaviors. (Id. at ¶¶ 70-71).

Plaintiff also alleges that he failed to receive promised wages for hours spent in at-home training (id. at ¶ 47); for a "promised [] increase in pay" (id. at ¶ 48); for unpaid travel expenses (id. at ¶ 49); for unpaid travel time (id. at ¶ 50); for unpaid time off-the-clock (id. at ¶ 51); for "increased pay commensurate with his new position" (id. at ¶ 52); and for "$250 in outstanding employee rewards" (id. at ¶ 73). Plaintiff further alleges that he "worked more than 40 hours per week in each work week during his entire employment with Bojangles" but that he did not receive overtime. (Id. at ¶ 34). Finally, Plaintiff alleges that he had to take some time off of work due to medical conditions and that Defendant's termination of his employment violated the Family and Medical Leave Act. Plaintiff asserts the following claims against Defendant: discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e et seq.; violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. GEN. STAT. § 95-25.1 et seq.; wrongful discharge under North Carolina law and the North Carolina Equal Employment Practices Act ("NCEEPA"), N.C. GEN. STAT. § 143-422.1 et seq.; violation of his rights under the Family and Medical Leave Act ("FMLA"), as amended, 29 U.S.C. § 2601 et seq.; and violation of the Equal Pay Act of 1963 ("EPA"), 29 U.S.C. § 206 et seq.[1]

---

[1] Plaintiff purports to bring the FLSA claim as a collective action and he purports to bring a Rule 23 class action for his NCWHA claim, and his Motion to Certify Class is pending. The

2

On June 23, 2020, Defendants filed their first motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an Amended Complaint on July 14, 2020. The filing of the Amended Complaint mooted the first motion to dismiss. Defendant filed the pending motion to dismiss the Amended Complaint on August 11, 2020. In response to the second motion to dismiss, Plaintiff asserts that he does not oppose the dismissal of the FMLA claim. Plaintiff opposes dismissal of the remaining claims.

**II.     DISCUSSION**

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The

---

Court will address that motion in a separate order.

Court must draw all reasonable factual inferences in favor of the plaintiff.  <u>Priority Auto Grp., Inc. v. Ford Motor Co.</u>, 757 F.3d 137, 139 (4th Cir. 2014).  In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth.  <u>Iqbal</u>, 556 U.S. at 678.  Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u>  However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief.  <u>Id.</u> at 679.

First, as to Plaintiff's FMLA claim, Plaintiff states that he does not oppose dismissal of this claim without prejudice.  Therefore, the Court dismisses the FMLA claim without prejudice.  As to the remaining claims, given the lenient pleading standards of <u>Iqbal</u> and <u>Twombly</u>, the Court will deny the motion to dismiss at this time and hold it under consideration pending further development of the record.

### III.     CONCLUSION

Defendant's motion to dismiss is denied in part and granted in part.  That is, Plaintiff's FMLA claim is dismissed without prejudice.  As to the remaining claims, the motion to dismiss these claims is denied, pending further development of the record.

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's Motion to Dismiss, (Doc. No. 14), is **DENIED in part** and **GRANTED in part**, as set forth in this Order.

2. Defendant's Motion to Dismiss the original Complaint, (Doc. No. 8), is **DENIED** as moot, given that Plaintiff filed the Amended Complaint after Defendant filed its motion to dismiss the original Complaint.

Signed: September 14, 2020

Max O. Cogburn Jr.
United States District Judge