UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BOJANGLES RESTAURANTS, INC., )<br>)<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on a Motion to Conditionally Certify a Collective Action and Facilitate Notice filed by Plaintiff, individually and on behalf of all others similarly situated, under 29 U.S.C. § 216(b). (Doc. No. 11). Plaintiff seeks conditional certification of his Fair Labor Standard Act ("FLSA") claims and authorization to send Court-supervised notice of this action pursuant to Section 216(b). Defendant opposes the motion. For the following reasons, the Court grants Plaintiff's motion.

**I.  INTRODUCTION**

Plaintiff makes the following allegations in support of his motion:

Plaintiff was hired by Defendant Bojangles Restaurants, Inc. as a crew member on or about April 14, 2018, and he became a shift manager in November 2018. Plaintiff typically worked Wednesday through Sunday. He was scheduled to work 40-hour shifts, but he was frequently required to work off the clock. This off the clock work resulted in Plaintiff

1

working more than 40 hours per week during at least one workweek.  In fact, Plaintiff worked more than 40 hours per week in each workweek during his entire employment with Bojangles.  Plaintiff was often required to perform tasks before and after his scheduled shift, of which Defendant was fully aware and required.

As Shift Manager, Plaintiff was required to comply with Defendant's "labor budget" and would be subject to reprimand, discipline, and termination if he exceeded labor budgets during any given shift.  Often circumstances arose during preceding shifts which would put the next Shift Manager over the labor budget.  Defendant was fully aware of this situation. Defendant was also aware that it gave the Shift Manager two options—have employees work off the clock or have the Shift Manager work off the clock—in order to balance the labor budget.  Defendant was aware that Plaintiff and other Shift Managers were frequently forced to work off the clock in order to comply with Defendant's strict and unpliable labor budgets.

Plaintiff was required to complete required video/training from home yet failed to pay him minimum wages for hours spent completing.

Based on the above allegations, Plaintiff seeks conditional certification and authorization to send Court-supervised notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) of the Federal Rules of Civil Procedure for the Claims asserted under the FLSA.  Plaintiff alleges that Defendant failed to pay Plaintiff and other similarly situated current and former non-exempt hourly shift managers ("Potential Plaintiffs") in accordance with the FLSA by failing to pay minimum wages and earned overtime wages, for all hours worked on their regular payday at the rate required by the FLSA.  According to Plaintiff, his Declaration in support of this Motion to Conditionally Certify a Collective Action demonstrates the existence of a group of similarly situated

2

employees, specifically, all individuals who work or have worked for Defendant as hourly employees, who did not receive minimum wage for all hours worked and/or overtime wages for hours worked over forty hours in one or more weeks during the period of July 14, 2017 through the filing of the Complaint.

Defendant opposes the motion, arguing that conditional certification is improper for the following reasons: (1) Plaintiff has produced scant evidence of any common policy or plan applicable to all former and current employees of Defendant; (2) Plaintiff fails to meet his burden that he is "similarly situated" to every single one of Defendant's non-exempt hourly employees, regardless of position, duties, or location; (3) Plaintiff's allegations do not support a state-wide or nationwide class; and (4) conditional certification would not serve the purpose of the FLSA.

## II. LEGAL STANDARD

The FLSA provides that a plaintiff "may maintain a collective action against [his] employer for violations under the act pursuant to 29 U.S.C. § 216(b)." Quinteros v. Sparkle Cleaning, Inc., 532 F. Supp. 2d 762, 771 (D. Md. 2008). In particular, Section 216 provides:

> [a]n action . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to authorize notice to other potential class members of their rights to "opt-in" to a plaintiff's case and form a collective action. Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). These early notices, authorized by the court, are helpful to protect against misleading communications by the parties, resolve disputes regarding the content of any

3

notice, prevent the proliferation of multiple individual lawsuits, assure that the joinder of additional parties is accomplished properly and efficiently, and expedite resolution of the dispute. Id. at 170-72.

In deciding whether an FLSA action may proceed as a collective action, courts in the Fourth Circuit have adopted a two-step inquiry. Adams v. Citicorp Credit Servs., 93 F. Supp. 3d 441, 452-53 (M.D.N.C. 2015). At the initial "notice stage," the Court determines whether Plaintiff and potential opt-in plaintiffs are "similarly situated" to merit sending notice of the action to possible members of the class. If they are, additional plaintiffs are permitted to "opt-in" to the lawsuit. Id. (quoting Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 519 (5th Cir. 2010)). At the notice stage,

> [p]laintiffs generally need only make a relatively modest factual showing that a common policy, scheme, or plan [that violated the law] exists. To meet this burden and to demonstrate that potential class members are similarly situated, [p]laintiffs must set forth more than vague allegations with meager factual support regarding a common policy to violate the FLSA. Their evidence need not, however, enable the court to determine conclusively whether a class of similarly situated plaintiffs exists, and it need not include evidence that the company has a formal policy of refusing to pay overtime.

Adams, 93 F. Supp. 3d at 453 (quoting Mitchel v. Crosby Corp., 2012 WL 4005535, at **2-3 (D. Md. Sept. 10, 2012)). At this stage of the proceedings, the Court does not resolve factual disputes, make credibility determinations, or decide substantive issues on the merits. Id. at 454. In other words, the standard for conditional certification at the notice stage is a lenient one. Id. at 452-53. The second step of the two-step process usually occurs after discovery has largely been completed and allows a court the opportunity to make a final determination "of whether all plaintiffs are sufficiently similarly situated to proceed together in a single action." Id. (quoting Acevedo, 600 F.3d at 519).

## III. DISCUSSION

Here, the Court finds that Plaintiff has met the lenient standard of demonstrating that Plaintiff and opt-in plaintiffs are similarly situated. Therefore, the Court will grant Plaintiff's motion at this early stage in the proceedings and order that notice be sent to the class.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Conditionally Certify a Collective Action and Facilitate Notice, (Doc. No. 11), is **GRANTED**;

(2) The Notice and Consent Form submitted by Plaintiff is **APPROVED**;

(3) Within 21 days of entry of this Order, Defendants shall provide Plaintiff's counsel (in computer-readable electronic format) the names, addresses, e-mail addresses, telephone numbers and dates of employment, of all persons who are, have been, or will be employed by Defendants as non-exempt hourly employees at any of Defendants' United States locations from July 14, 2017 to the present;

(4) Plaintiff may send the Notice by first class mail and e-mail to all potential members of the collective action informing them of their right to opt-in;

(5) The opt-in period shall commence seven (7) days after Defendant produces the requested information pertaining to potential Plaintiffs and shall remain open for opt-ins to join this action for sixty (60) days thereafter.

Signed: November 2, 2020

Max O. Cogburn Jr.
United States District Judge