# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **ORDER**<br>) |
| BOJANGLES RESTAURANTS, INC., | )<br>)<br>) |
| Defendant. | )<br>) |

This matter is before the Court on Defendant's Motion for Reconsideration, filed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. (Doc. No. 184). On November 2, 2020, this Court granted Plaintiff's motion for a conditional class certification, pursuant to 29 U.S.C. § 216(b). (Doc. No. 27). Defendant has now filed the pending motion for reconsideration, contending that the conditional certification was made based on false assertions by Plaintiff Robert Stafford, which Defendant learned about upon taking Mr. Stafford's deposition.

The Court denies the motion for the reasons stated in Plaintiff's brief. Specifically, the conditional certification was granted under a lenient, notice-pleading standard. It is improper, now, after the parties have engaged in some discovery, for Defendant to attempt to use Rule 54 as a tool to undo the conditional certification. Defendant may certainly move to decertify the class, but moving under Rule 54 to undo a conditional class certification, which was correctly

granted under a lenient notice-pleadings standard, is not proper.[1]  Accord DeLoso v. Multifresh, Inc., No. 5:12-CV-01165, 2014 WL 12828172, at *3 (S.D. W. Va. June 6, 2014) ("Finding no error in the Court's previous ruling on this issue based on the information available at that stage of the case, reconsideration of the motion for conditional certification must be denied.  Because the curent motion presents new factual evidence adduced during discovery and comes before the Court after the close of discovery, it is not appropriately analyzed under the first-phase standard for conditional certification."); Cleary v. Tren Serv., Inc., No. 2:11cv123, 2012 WL 1189909, at *3 (S.D. W. Va. Apr. 9, 2012) ("Because the plaintiff had an opportunity to conduct discovery, I do not find it appropriate to apply the first phase of the certification analysis.").

## ORDER

**IT IS, THEREFORE, ORDERED that:**

(1) Defendant's Motion for Reconsideration (Doc. No. 184), is **DENIED**.

Signed: April 7, 2021

Max O. Cogburn Jr
United States District Judge

---

[1] Such motion is akin to filing a motion for reconsideration of a denial of a Rule 12(b)(6) motion following discovery, based on an argument that discovery has shown that Plaintiff has no cognizable claim.  In other words, like considering a motion to dismiss under Rule 12(b)(6), a conditional certification of a collective action is based on notice pleadings.   Thus, to file a motion for reconsideration of a conditional class certification based on evidence uncovered in discovery is simply not procedurally appropriate.