UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOJANGLES RESTAURANTS, INC.,<br><br>Defendant. | ORDER |

This matter comes before the court on a Motion to Vacate the Magistrate Judge's Order of August 20, 2021. (Doc. No. 220).

## I.   BACKGROUND

On May 6, 2020, Plaintiff Stafford filed a complaint against Bojangles in which he alleged, among other things, that Defendant Bojangles failed to pay him as required by the Fair Labor Standards Act ("FLSA"). Stafford later amended his complaint to assert an FLSA claim not just on his own behalf, but on behalf of all Bojangles' current and former shift managers. On November 2, 2020, the Court granted conditional certification of a nationwide class of Bojangles' shift managers.

The parties are currently in discovery. On August 20, 2021, Magistrate Judge David S. Cayer entered an order granting the parties' respective motions to compel discovery in this matter. Specifically, Judge Cayer granted the respective motions to compel as to (1) Plaintiff's requests that Defendant be compelled to fully and completely respond to Plaintiffs' Interrogatories and Requests for Production of Documents and as to (2) Defendant's request that the opt-in Plaintiffs

1

be ordered to provide full, individualized responses to Defendant's Interrogatories Nos. 10, 11, 12, and 13 and Requests for Production Nos. 36, 37 and 38.

Plaintiff filed the pending motion to vacate the magistrate judge's order on September 3, 2021. Plaintiff contends that the magistrate judge's order is in error because the order requires Stafford to respond to all 550 opt-in Plaintiffs, but that the discovery was directed to Stafford only. Plaintiff also contends that the magistrate judge erred in ordering individual discovery from the 550 opt-in Plaintiffs in this case because individual discovery is not proper in a class action. Plaintiff further contends that "[t]o respond to four interrogatories and three document demands for 550 opt-in Plaintiffs will take over 1,000 hours and it cannot possibly be accomplished in the 30 days required by the Order. It will cost hundreds of thousands of dollars." (Doc. No. 220 at 2).

Finally, Plaintiff contends that the magistrate judge's order is in error because Defendant agreed early on that it would propound an optional questionnaire in lieu of discovery. Plaintiff argues that Defendant will improperly seek dismissal of any opt-in Plaintiffs who don't respond to written discovery.

## II.  APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied

2

statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

The Court has carefully reviewed the parties' arguments and finds that, for the reasons stated in Defendant's brief, the magistrate judge did not commit legal error when ruling on the parties' respective motions to compel. Moreover, the magistrate judge directed the opt-in Plaintiffs, <u>not just Stafford</u>, to respond to the discovery requests. Thus, each opt-in Plaintiff, not Stafford, is obligated to respond to Defendant's discovery requests. To the extent the magistrate judge's order is not clear in that regard, the magistrate judge's order is modified to make clear that the opt-in Plaintiffs are required to respond to the propounded discovery requests.

Next, to the extent Plaintiff challenges the magistrate judge's order compelling individualized discovery, the order was not clearly erroneous. Although Plaintiff cites to cases that disallowed individual class discovery, courts have certainly allowed individualized discovery in some class actions. Thus, Judge Cayer did not clearly err in granting Defendant's motion to compel individual discovery. Jackson v. U.S. Bancorp, No. 220CV02310, 2021 WL 809292, at *2 (D. Kan. Mar. 3, 2021) ("Thus, contrary to Jackson's assertion, the mere decision to permit individualized discovery is not contrary to law."); Jones v. Casey's Gen. Stores, Inc., No. 4:07CV-400, 2008 WL 11384208, at *4 (S.D. Iowa Nov. 25, 2008) ("Additionally, the Court cannot conclude that Judge Shields' discovery approach, i.e., individualized discovery, is either clearly erroneous or contrary to law."). Moreover, as Defendant notes, Plaintiff has sought discovery from Defendant on an individual basis for each opt-in Plaintiff. What is good for the goose is good for the gander. See Martins v. Flowers Foods, Inc., No. 8:16-CV-3145, 2020 WL 5223722, at *6 (M.D. Fla. Aug. 1, 2020) ("Plaintiff cannot have it both ways. Plaintiff cannot

3

Case 3:20-cv-00266-MOC-DSC   Document 225   Filed 10/28/21   Page 3 of 4

maintain that Defendants are limited to representative discovery while commanding of Defendants individualized discovery with respect to the named Plaintiff and opt-in Plaintiffs.").

As to Plaintiff's arguments about efficiency, undue burden, and the time it will take to propound the discovery requests, the opt-in Plaintiffs may certainly file a motion for extension of time to respond to the requests. As for Plaintiff's arguments about Defendant using written discovery for an improper purpose, Plaintiff has not shown that Defendant intends to use individual discovery for any improper purpose.

Finally, as Defendant notes, nothing in the record obligates Defendant to propound an optional questionnaire in lieu of discovery. Defendant apparently changed its strategy in response to Plaintiff's own discovery requests. The magistrate judge's order is not contrary to law in granting Defendant's motion to compel in this regard.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs Motion to Vacate, (Doc. No. 220), is **DENIED**.

Signed: October 28, 2021

Max O. Cogburn Jr
United States District Judge