# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00266-MOC-DSC

| | |
|---|---|
| **ROBERT E STAFFORD JR.**, on behalf of himself and all others similarly situated, ) ) ) **Plaintiffs,** ) ) v. ) ) **BOJANGLES' RESTAURANTS INC.,** ) ) **Defendant.** ) | **ORDER** |

**THIS MATTER** is before the Court on "Plaintiffs' Second Motion to Compel Discovery Responses and For Sanctions" (document #290), as well as the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for the Court's consideration.

The Court has carefully considered the authorities, the record and the parties' arguments.

Plaintiffs seek to compel Defendant to fully and completely respond to their Second Set of Requests for Production of Documents as to all Plaintiffs and opt-in Plaintiffs. Plaintiffs also move for sanctions. Specifically, Plaintiffs seek to compel responses to Requests for Production Nos. 35-52 and 54-69. In its brief, Defendant credibly asserts that it has produced all documents in its possession, custody, or control that are responsive to Requests Nos. 40, 41, 42, 43, 48, 57, and 69, and has no documents in its possession, custody, or control that are responsive to Requests Nos. 44, 54, 55, 56, 60, 61, 62, 63, 67, and 68.

For the reasons stated in Plaintiffs' briefs, the Motion to Compel is **GRANTED IN PART** and **DENIED IN PART** as **ORDERED** below. For the reasons stated in Defendant's brief production is subject to the following limitations.

Concerning Requests Nos. 36, 37, 38, 39, 45, 46, 47, 49, 50, 51, and 52 which relate to opt-in Plaintiffs' emails and text messages to and from Unit Directors and Area Directors, Defendant's objections are sustained in part as follows:

1. Unit and Area Directors personal cell phones are excluded. Lalumiere v. Willow Springs Care, Inc., No. 1:16-cv-3133, 2017 WL 6943148, at *2 (E.D. Wash. Sept. 18, 2017) ("Other district courts have held, and this Court agrees, that a company does not possess or control the text messages from the personal phones of its employees and may not be compelled to disclose text messages from employees' personal phones."); Halabu Holdings, LLC v. Old Nat'l Bancorp., No. 20-10427, 2020 WL 12676263 at *1 (E.D. Mich. June 9, 2020) (holding that company did not have possession, custody, or control over text messages on employees' personal phones); Cotton v. Costco Wholesale Corp., No. 12-2731, 2013 WL 381974, at *6 (D. Kan. July 24, 2013) (same).

2. Requests and responses are limited to off-the-clock work or claims of time shaving.

Otherwise Defendant's objections to those Requests are overruled.

Concerning Request No. 35 which seeks production of emails relating to end of day reports, Defendant's objections are sustained for the reasons stated in its brief.

Concerning Requests Nos. 58 and 59 which seek production of bank deposit slips and change receipts, Defendant's objections are sustained for the reasons stated in its brief.

Concerning Requests Nos. 64, 65 and 66 which seek production of communications between Bojangles and CPI Security and documents showing Bojangles' efforts to preserve video surveillance, Defendant's objections are <u>sustained</u> for the reasons stated in its brief.

Subject to those limitations, Defendant shall serve complete, verified responses to all Requests for Production that are subject of Plaintiffs' Motion. Responses shall be served within thirty days of this Order. Defendant shall produce all responsive documents in the manner in which they are maintained in the usual course of business or by labeling each document to correspond with the applicable request. If Defendant contends that all responsive documents have been produced or that they possess no responsive documents, they shall state their compliance in a verified discovery response. Defendant may satisfy its burden of demonstrating that the documents were produced as kept in the usual course of business by filing an affidavit of counsel affirming the same and describing the manner in which the documents were produced. See <u>EEOC v. Altec Indus., Inc.</u>, No. 1:10-CV-216, 2012 WL 2295621, at *3 (W.D.N.C. June 18, 2012). Plaintiffs' request for attorneys' fees and costs is **DENIED**.

    **NOW THEREFORE IT IS HEREBY ORDERED** that:

1. "Plaintiffs' Second Motion to Compel Discovery Responses and For Sanctions" (document #290) is **GRANTED IN PART** and **DENIED IN PART** as stated above.
2. The parties will bear their own costs at this time.
3. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Max O. Cogburn, Jr.

    **SO ORDERED**.

Signed: July 11, 2022

_____
David S. Cayer
United States Magistrate Judge