# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00266-MOC-DSC

| | |
|---|---|
| ROBERT E STAFFORD JR., on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) v. ) ) BOJANGLES' RESTAURANTS INC., ) ) Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on "Defendant's Motion to Compel Attendance at Depositions and for Relief Pursuant to Rule 37(d)" (document #312), "Motions[s] for Protective Order" (documents ##327, 329, 330, 332, and 333) filed by five named Plaintiffs, and "Plaintiffs' Motion to Amend Pretrial Order…" (document #334), as well as the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and are now ripe for the Court's consideration.

The Court has carefully considered the authorities, the record and the parties' arguments.

As modified in its Reply brief (document #328), Defendant seeks to compel the depositions of twenty-one named and opt-in Plaintiffs. Five named Plaintiffs seek relief from appearing in person for their depositions. Any statement that the parties simply "dispute" the reasons they have been unable to schedule these depositions is not credible.

Related to the present difficulties, on May 10, 2022, the Court ordered that "Defendant shall be permitted to take no more than sixty (60) depositions of non-expert witnesses." Text-Only Order entered May 10, 2022. On June 21, 2022, the Court denied six named Plaintiffs' Motion

for Protective Order seeking to avoid appearing for depositions in person. Text-Only Order entered June 21, 2022. The Court also ordered that "The Motion is DENIED WITHOUT PREJUDICE as to opt-in Plaintiffs. Routine technical problems and/or interruptions inherent to Zoom or other remote means are not sufficient bases for abandoning remote depositions. The Court directs the parties' counsel to redouble their efforts to resolve discovery disputes without Court intervention." Id. It is apparent that counsel have not made progress in resolving discovery disputes without Court intervention.

In light of the complexity of the issues, number of Plaintiffs and opt in Plaintiffs, possibility of other non-expert witnesses Defendant may depose, and age of the case, the Court in its discretion concludes that the schedule as **ORDERED** below is necessary.

**IT IS THEREFORE HEREBY ORDERED that:**

1. "Defendant's Motion to Compel Attendance at Depositions and for Relief Pursuant to Rule 37(d)" (document #312), Plaintiffs' "Motions[s] for Protective Order" (documents ##327, 329, 330, 332, and 333) and "Plaintiffs' Motion to Amend Pretrial Order…" (document #334) are **GRANTED IN PART** and **DENIED IN PART** as follows.

2. On or before November 14, 2022, Defendant shall identify all non-expert witnesses it intends to depose including those Plaintiffs and opt-in Plaintiffs at issue here, up to the maximum of sixty for the case.

3. On or before December 12, 2022, Plaintiffs shall notify Defendant of dates from January 3, 2023 through January 31, 2023 when each named Plaintiff and opt-in Plaintiff is available for deposition. Named Plaintiffs shall appear in person unless the parties otherwise agree. Opt-in Plaintiffs shall appear by remote means unless the

parties otherwise agree.   The parties may take those depositions sooner than January 3, 2023 by agreement.

4. Depositions of other non-expert witnesses (those not aligned with the Plaintiffs) will otherwise be taken as provided by the Rules.

5. **Named Plaintiffs and opt-in Plaintiffs are admonished that if they do not comply with this Order – if they do not provide available dates or fail to appear for their depositions -   their claims will be subject to dismissal.**

6. Plaintiff's counsel shall send a copy of this Order to each named Plaintiff and opt-in Plaintiff.

7. Plaintiff's additional expert reports are due by December 15, 2022. The discovery deadline is extended through February 15, 2023.  The deadline for dispositive and certification motions is extended through March 31, 2023.

8. **The parties shall bear their own costs <u>at this time</u>.**

9. The Clerk is directed to send copies of this Order to the parties' counsel and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: November 2, 2022

David S. Cayer
United States Magistrate Judge