# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00266-MOC-DSC

| | |
|---|---|
| ROBERT E STAFFORD JR., on behalf of himself and all others similarly situated, ) ) ) Plaintiffs, ) ) ) v. ) ) BOJANGLES' RESTAURANTS INC., ) ) Defendant. ) | **ORDER** |

**THIS MATTER** is before the Court on "Plaintiffs' Motion to Compel Bojangles Rule 30(b)(6) Depositions and for Sanctions" (document #340), as well as the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and is now ripe for the Court's consideration.

The Court has carefully considered the authorities, the record and the parties' arguments. Much of the parties' briefs is devoted to the ongoing mutual accusations of failure to cooperate in scheduling depositions or to meet and confer to resolve disputes.

The present discovery dispute concerns Defendant's two Rule 30(b)(6) depositions. On May 19, 2022, Jason McGhee testified on Defendant's behalf. On October 20, 2022, Cathy Chase testified for Defendant. Plaintiffs contend that having received incomplete answers from McGhee, they noticed the second deposition. Plaintiff alleges that either in prior responses or during Chase's deposition, Defendant refused to provide proper testimony.

The second deposition notice listed nine topics. As to Topic 6, seeking information concerning individual stores' payroll allotments, Defendant has credibly responded that this information does not exist.

As to Topics 2, 3 and 4, Plaintiffs contend that Defendant improperly relied upon McGhee's testimony from the first deposition.

As to Topics 1, 5, 7 and 8, Plaintiffs contend that Chase's testimony was evasive and incomplete.

As to Topic 9, Plaintiffs contend that Defendant also relied upon McGhee's testimony. Defendant argues that Chase testified on this topic.

The Court concludes that Defendant has complied with its obligations in the Rule 30(b)(6) depositions. One of Plaintiffs' primary lines of inquiry concerns Defendant's policy that any changes to an employee's electronic time records required supervisor approval. The gist of McGhee's testimony is that while he was familiar with some of the technical aspects of the timekeeping system, he was not familiar with the policy behind it. Chase testified that the policy was not "strictly enforced." When Plaintiffs inquired about the application of the policy at the individual store level, Chase testified she was not familiar with those details throughout the company. Plaintiff contends that McGhee's inability to testify completely about all the technical aspects combined with Chase's unfamiliarity with activities at the store level amounts to incomplete testimony, if not bad faith. Evidence that the policy was not enforced would be relevant at trial. But at this point, Defendant has complied with its obligation in these depositions. To require Rule 30(b)(6) testimony at the "grass roots" level that Plaintiffs seek would go far beyond the scope and purpose of those depositions and the needs of the case. This is true of the remaining topics as well.

The Court concludes that taking both depositions in the aggregate, Defendant has complied with its obligations under Rule 30(b)(6). Although all counsel's inability to work together to resolve discovery disputes is irksome, nothing here rises to the level of sanctionable conduct.

**IT IS THEREFORE HEREBY ORDERED that:**

1. "Plaintiffs' Motion to Compel Bojangles Rule 30(b)(6) Depositions and for Sanctions" (document #340) is **DENIED**.

2. The parties shall bear their own costs <u>at this time</u>.

3. The Clerk is directed to send copies of this Order to the parties' counsel and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: December 20, 2022

David S. Cayer
United States Magistrate Judge