UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BOJANGLES RESTAURANTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on Plaintiff's Objection, (Doc. No. 339), to the Magistrate Judge's Memorandum and Recommendation (Doc. No. 337), which recommends that this Court grant in part and deny in part Defendant's pending Motion to Compel Compliance with Rule 30 and for Sanctions, (Doc. No. 317).

## I. BACKGROUND

On September 28, 2022, Defendant Bojangles Restaurants, Inc. filed a Motion to Compel Compliance with Rule 30 and for Sanctions, (Doc. No. 317). Specifically, Defendant contends that Plaintiff's counsel engaged in conduct that violated the Federal Rules of Civil Procedure and impeded Defendant's counsel's ability to obtain direct, candid, and uninfluenced testimony from Plaintiff Robert Stafford during Plaintiff's second deposition taken by Defendant.

On November 2, 2022. United States Magistrate Judge David S. Cayer entered a Memorandum and Recommendation on the Motion to Compel. (Doc. No. 337). Judge Cayer stated in the Memorandum and Recommendation:

> The Court has carefully considered the authorities, the record and the parties' arguments. Defendant has credibly established that Plaintiff's counsel obstructed the deposition of named Plaintiff Stafford. See "Deposition Transcript of Robert Stafford, II" (document #317-2).
>
> Although Fed. R. Civ. P. 37 identifies a number of possible sanctions, Defendant has elected to seek only prospective relief under Rule 30 concerning counsel's conduct in future depositions, as well as attorneys' fees and costs incurred in the Stafford deposition and in preparing and prosecuting this Motion. The Court declines to grant prospective relief or attorneys' fees and costs arising from the deposition. The Court in its discretion does find, however, that Defendant is entitled to recover its attorneys' fees and costs incurred in preparing and prosecuting this Motion.
>
> **FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion to Compel Compliance with Rule 30 and for Sanctions" (document #317) be **GRANTED IN PART** and **DENIED IN PART**. Specifically, the undersigned recommends that the District Judge award Defendant attorney's fees and costs incurred in the preparation and prosecution of this Motion in an amount to be determined by the District Judge.

(Doc. No. 337). Plaintiff filed an Objection to the magistrate judge's decision on November 16, 2022. (Doc. No. 339). Defendant filed a response on November 30, 2022. (Doc. No. 343).

## II. APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

For the reasons stated in Defendant's response brief, Plaintiff has failed to show that the magistrate judge's decision was clearly erroneous or contrary to law. As Defendant notes, the magistrate judge recommended that this Court sanction Plaintiff's counsel by requiring her to pay the attorneys' fees Defendant incurred to bring its motion to compel—a sanction expressly authorized by FED. R. CIV. P. 30(d)(2). To the extent Judge Cayer was not clear about whether Plaintiff or Plaintiff's counsel must pay the fees, Plaintiff's counsel shall pay the fees, given that the sanctions are the result of Plaintiff's counsel's misconduct during Stafford's deposition.

In sum, the Court has carefully reviewed the magistrate judge's order and the parties' respective briefs, and the Court finds that the magistrate judge's decision was neither erroneous nor contrary to law. Accordingly, this Court overrules Plaintiff's Objection, and the Court adopts the Memorandum and Recommendation.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objection to the Magistrate Judge's Decision, (Doc. No. 339), is **OVERRULED** and the Magistrate Judge's Memorandum and Recommendation, (Doc. No. 337), is **ADOPTED** and **AFFIRMED**, with the clarification that Plaintiff's counsel is responsible for paying the attorney fees ordered by the magistrate judge. To this extent, Defendant's Motion to Compel Compliance with Rule 30 and for Sanctions, (Doc. No. 317), is **GRANTED in PART** and **DENIED in PART**. The Court declines to enter a prospective order, as suggested by Defendant, requiring Plaintiff's counsel to adhere to Rule 30's prohibition on speaking objections in future depositions. The Court does note, however, that both parties remain subject to additional Rule 30(d)(2) sanctions for interference with future depositions.

Within 20 days of entry of this Order, Defendant shall submit to the Court the amount of attorney fees and costs, with supporting records, incurred in preparing and prosecuting its

Motion to Compel. Plaintiff shall have ten days to respond. The Court will then determine the amount of attorney fees and costs Plaintiff's counsel shall be responsible for paying to Defendant.

    **IT IS SO ORDERED**.

Max O. Cogburn Jr
United States District Judge

Signed: February 1, 2023