UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BOJANGLES RESTAURANTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiff's Motion for Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. (Doc. No. 366). Plaintiff seeks reconsideration of this Court's order on February 1, 2023, which adopted and affirmed the Magistrate Judge's Memorandum and Recommendation ("M&R"), thereby overruling Plaintiff's Objection to the M&R and requiring Plaintiff's counsel to pay attorney's fees to Defendant. (Doc. No. 357).

On September 23, 2022, Defendant took a deposition of the primary named plaintiff in this lawsuit, Robert Stafford. During the deposition, Plaintiff's counsel made numerous speaking objections, assertions of privilege, and interjections. Consequently, Defendant filed a motion to compel compliance with Rule 30 of the Federal Rules of Civil Procedure and for monetary sanctions against Plaintiff's counsel for her improper conduct. (Doc. No. 317). The Magistrate Judge issued an M&R recommending this Court award Defendant attorney's fees, but stated that those attorney's fees should be limited to the costs incurred in the preparation and prosecution of the motion to compel compliance and for monetary sanctions. (Doc. No. 337). This Court adopted and affirmed the M&R, noting that the amount of attorney's fees incurred in prosecuting

Defendant's motion would be determined later. (Doc. No. 357). Plaintiff now seeks reconsideration of this Court's order requiring Plaintiff's counsel to pay attorney's fees to Defendant. (Doc. No. 366). Defendant has responded in opposition. (Doc. No. 376).

Plaintiff's motion for reconsideration will be denied, for the reasons articulated in the Magistrate Judge's M&R and this Court's order affirming and adopting that M&R. Rule 59 itself provides no standard for when a district court may grant a motion for reconsideration under Rule 59. However, the Fourth Circuit has recognized three grounds for amending an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

Here, Plaintiff asserts neither of the first two grounds. The third ground is not available either, because Plaintiff has not pointed to a clear error of injustice in need of correction. Plaintiff asserts that Defendant's Motion to Compel and for Attorney's Fees sought only prospective relief. (Doc. No. 367 at 3). According to Plaintiff, because the prospective relief of the motion was denied, the retrospective relief of attorney's fees must be denied as well.

But, Defendant's motion did not seek only prospective relief. It sought both prospective relief and retrospective attorney's fees. Therefore, Plaintiff has not shown that the Court's decision to award Defendant the attorney's fees it incurred to prepare and prosecute its motion to compel was a clear error or will manifest injustice. To the contrary, as articulated in the M&R, and this Court's order affirming and adopting that M&R, the decision to award attorney's fees was factually supported and legally justified. Therefore, Plaintiff's motion for reconsideration must be denied.

Lastly, in addition to seeking reconsideration of the Court's order in its entirety, Plaintiff

contends that the Court should reject or limit the attorney's fees Defendant requested because the fees are allegedly "unauthorized and unreasonable." (Doc. No. 367 at 6). The Court will determine what attorney's fees are appropriate at the end of this case and will ensure that the amount is authorized and reasonable.

**ORDER**

**IT IS, THEREFORE, ORDERED that:**

(1) Plaintiff's Motion for Reconsideration (Doc. No. 366), is **DENIED**.

Signed: April 26, 2023

Max O. Cogburn Jr
United States District Judge