UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BOJANGLES RESTAURANTS, INC., <br><br> Defendant. | **ORDER** |

This matter is before the Court on Plaintiffs' Motion for Reconsideration pursuant to Rule 54 of the Federal Rules of Civil Procedure. (Doc. No. 374). Plaintiffs seek reconsideration of this Court's order on February 1, 2023, Doc. No. 358, which granted Defendant's Motion to Dismiss Named and Opt-in Plaintiffs Pursuant to Rules 37 and 41, Doc. No. 347.

In this case, multiple named and opt-in Plaintiffs failed to comply with numerous deposition notices. Consequently, this Court issued an order compelling Plaintiffs to appear for deposition. Specifically, this Court required Defendant Bojangles to identify up to sixty remaining named and opt-in plaintiffs it intended to depose. (Doc. No. 338 at 2). This Court then required Plaintiffs to inform Bojangles of dates between January 3 and January 31, 2023, on which each identified Plaintiff would be available for deposition. (Id. at 2–3). In its order, the Court stated, in bold text: "**Named Plaintiffs and opt-in Plaintiffs are admonished that if they do not comply with this Order – if they do not provide available dates or fail to appear for their depositions – their claims will be subject to dismissal**." (Id. at 3).

Bojangles informed Plaintiffs of thirty-four Plaintiffs it intended to depose. Plaintiffs

1

responded by providing a single date and time on which only 13 of the 34 individuals Bojangles had identified were available to be deposed. After the Court's deadline, Plaintiffs added a fourteenth deponent.

Defendant moved to dismiss those Plaintiffs that failed to comply with the Court's order that they provide their availability for deposition between January 3 and January 31, 2023. (Doc. No. 347). Plaintiffs responded in opposition. (Doc. No. 354). This Court dismissed those Plaintiffs, agreeing with Defendant that "having failed to appear for previously noticed depositions and to provide their availability to appear for deposition at any time during the remainder of the discovery period, the twenty named and opt-in plaintiffs have communicated their desire not to participate further in this case." (Doc. No. 358 at 2).

Now Plaintiffs seek reconsideration, pursuant to Rule of Civil Procedure 54, of this Court's dismissal of those Plaintiffs. (Doc. No. 374). Defendant has responded in opposition. (Doc. No. 384). Plaintiffs have replied to Defendant's response. (Doc. No. 392).

Plaintiffs' motion for reconsideration will be denied. Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" may be revisited by the court at any time before an entry of final judgment. FED. R. CIV. P. 54(b).

Motions for reconsideration under Federal Rule of Civil Procedure 54(b) are appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice. Bullabough v. Watson, No. 3:11-CV-639-RJC, 2012 WL 664943, at *1 (W.D.N.C. Feb. 29, 2012)

Here, Plaintiffs do not contend that either of the first two circumstances exist. The third circumstance does not exist either, because Plaintiffs have not pointed to a clear error or manifest

injustice in need of correction.

"[A] manifest injustice occurs where the injustice from the order is apparent to the point of being almost indisputable." Adv. Training Grp. Worldwide, Inc. v. ProActive Techs., Inc., No. 1:19-cv-505, 2020 WL 13605266, at *6 (E.D. Va. Dec. 4, 2020) (internal quotation marks omitted). Arguing that a manifest injustice has occurred, Plaintiffs incorrectly assert that this Court granted Defendant's motion to dismiss without finding that Defendant proved, by clear and convincing evidence, that dismissal was warranted under the circumstances. In support of this argument, Plaintiffs assert that this Court failed to find dismissal was warranted under the Wilson v. Volkswagen of America, Inc. factors. 561 F.2d 494, 505–06 (4th Cir. 1977). Wilson directs the Court, when considering a sanctions motion, to consider: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) the effectiveness of less drastic sanctions. Id.

This Court considered the Wilson factors and found dismissal was warranted. Defendant provided an analysis of the Wilson factors in support of dismissal in its reply brief. (Doc. No. 355). This Court agreed with Defendant's Wilson factor analysis and consequently found that Defendant proved, by clear and convincing evidence, that dismissal was warranted under the circumstances when the Court stated that it "agrees with Defendant that the failure to appear for deposition and to abide the Court's order warrants dismissal …." (Doc. No. 358 at 2). Therefore, because no clear error or manifest injustice has occurred, Plaintiffs' motion for reconsideration will be denied.

Lastly, Plaintiffs request, in the alternative, that the Court grant them leave to file a third amended complaint to appoint new class representatives for the Virginia and Alabama classes.

(Doc. No. 375 at 11). At this late stage in the litigation, granting leave to Plaintiffs to file a third amended complaint would prejudice Defendant, and therefore is inappropriate. Therefore, Plaintiffs' request, in the alterative, for leave to file a third amended complaint will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED that:**

(1) Plaintiffs' Motion for Reconsideration, Doc. No. 374, is **DENIED**.

Signed: June 9, 2023

Max O. Cogburn Jr.
United States District Judge