UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BOJANGLES RESTAURANTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Additional Named and Opt-in Plaintiffs Pursuant to Rules 37 and 41. (Doc. No. 360). Plaintiffs filed a Response on March 17, 2023, and Defendant filed a Reply on March 24, 2023. (Doc. Nos. 371, 377).

I. BACKGROUND AND DISCUSSION

In a November 3, 2022, order compelling Plaintiffs to appear for deposition, this Court required Defendant Bojangles to identify, by November 14, 2022, all of the remaining named and opt-in plaintiffs it intended to depose, up to the maximum of sixty it is allotted. (Doc. No. 338 at 2). The Court then required Plaintiffs to inform Bojangles, by December 12, 2022, the dates between January 3 and January 31, 2023, on which each identified Plaintiff is available for deposition. (Id. at 2–3). In its order, the Court stated, in bold text: "**Named Plaintiffs and opt-in Plaintiffs are admonished that if they do not comply with this Order – if they do not provide available dates or fail to appear for their depositions – their claims will be subject to dismissal**." (Id. at 3).

On November 14, Bojangles informed Plaintiffs of the nine named plaintiffs and 25 opt-in plaintiffs it intended to depose in order to reach its allotment of sixty depositions, 34 in all. (Def. Ex. A). Plaintiffs responded on December 12, providing a single date and time on which only 13 of the 34 individuals Bojangles identified were available to be deposed. (Def. Ex. B). After the Court's deadline, Plaintiffs added a fourteenth deponent.

Plaintiffs' December 12 correspondence failed to provide any availability for the remaining 20 plaintiffs. The Court dismissed those twenty plaintiffs by written Order dated February 1, 2023. (Doc. No. 358). In its Order, the Court stated that those twenty plaintiffs' "failure to appear for deposition and to abide the Court's order warrants dismissal . . . pursuant to Federal Rules of Civil Procedure 37(d), 37(b), and 41(b)." (Id. at 2).

In January, Bojangles was able to depose only eight of the fourteen individuals for whom Plaintiffs provided availability. Four individuals—Jason Byram, Kimondra Studevent, Kiara Hortman, and Laura Shope—failed to appear for their properly noticed depositions. (Ex. A (Certificate of Non-Appearance for Mr. Byram); Ex. B (Certificate of Non-Appearance for Ms. Studevent); Ex. C (Certificate of Non-Appearance for Ms. Hortman); Ex. D (correspondence from Plaintiffs' counsel reflecting Ms. Shope's failure to appear)). One individual, Damian Prentice, left in the middle of his deposition. (Ex. E (excerpt from deposition of Mr. Prentice reflecting his and his counsel's departure mid-deposition)).

The final individual, Brittnee Green, provided January 2, 2023—a federal holiday and a date outside the period set by the Court—as her only availability for deposition. (Doc. No. 348-2 at 2). Bojangles declined to take Ms. Green's deposition on a federal holiday and outside the time period set by the Court and immediately informed Plaintiffs' counsel, on December 13, 2022, of the necessity for Ms. Green to cure her non-compliance. (Ex. F)). For approximately

2

three weeks, Ms. Green made no effort to cure her non-compliance. Instead, on January 3 Ms. Green offered to appear on January 5 at 9:00 a.m., a day and time during which Bojangles had scheduled another plaintiff deposition and would give Bojangles' counsel fewer than 48 hours to prepare for the deposition. See (Ex. G).

Accordingly, Bojangles' counsel declined to take Ms. Green's deposition at that time. (Id.). Ms. Green never provided another day or time on which she was available for deposition and did not appear for deposition by January 31, 2023, as required by the Court's Order.

All six of these plaintiffs have failed to comply with the Court's Order that they appear for deposition between January 3 and January 31, 2023. Each of them also failed to appear for at least one properly noticed deposition before January 2023. See (Ex. H (compiling most recent deposition notice before January 2023 with which each subject plaintiff failed to comply)). Indeed, some have failed to comply with four or more deposition notices. See (Doc. No. 313-3 (compiling 70 notices of deposition for which plaintiffs failed to appear, including four for each of Ms. Studevent, Ms. Hortman, and Mr. Byram). Having failed to appear for previously noticed depositions and to comply with the Court's Order that they appear for deposition between January 3 and January 31, 2023, these six named and opt-in plaintiffs have demonstrated their desire not to participate further in this case.

Moreover, Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 505–06 (4th Cir. 1977), directs the Court, when considering a sanctions motion, to consider: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that non-compliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) the

effectiveness of less drastic sanctions.[1] Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 505-06 (4th Cir. 1977).

First, all six identified plaintiffs' failures to appear for properly noticed depositions and to comply with the Court's Order provide the requisite bad faith for dismissal sanctions. Indeed, the plaintiffs who are the subject of this order have acted even more callously toward the discovery process than those recently dismissed because they told Bojangles they would appear for deposition and then failed to appear. See Gill v. Coca-Cola Bottling Co. Consolidated, No. 3:18-cv-681-MOC-DSC, 2021 WL 94479, at *1 (W.D.N.C. Jan. 11, 2021) (finding bad faith and dismissing plaintiff's claim when he failed to comply with a court order expressly ordering discovery and warning "in bold font that his failure to comply could result in the imposition of sanctions," including dismissal); Jones v. Applebee's of Va., Inc., No. 7:10-cv-339, 2011 WL 3438402, at *2 (W.D. Va. Aug. 5, 2011) (presuming bad faith and dismissing plaintiff's claims when she missed two depositions without explanation); Green v. John Chatillon & Sons, 188 F.R.D. 422, 424 (M.D.N.C. 1998) ("Noncompliance with discovery orders can serve as a basis for a finding of bad faith.").

Second, the Court is satisfied that the six plaintiffs' failures to appear for deposition and to comply with the Court's Order have significantly prejudiced Bojangles. These plaintiffs' refusal to sit for deposition has prevented Bojangles from obtaining evidence to which it is entitled and that it needs to prepare its defense both to the merits of Plaintiffs' claims and to the propriety of class or collective treatment of them. See LaFleur v. Dollar Tree Stores, Inc., No.

---

[1] The Court notes that, in response to the Court's order dismissing the first 20 Plaintiffs, Plaintiffs argued that, before dismissing the first 20 Plaintiffs, the Court did not consider the factors in Wilson. While the Court did impliedly consider the Wilson factors, the Court does so explicitly here.

4

2:12-cv-363, 2014 WL 37662, at *11 (E.D. Va. Jan. 3, 2014) (stating that the defendant "would be prejudiced by having to defend against claims asserted by plaintiffs who have not offered adequate discovery regarding their specific allegations"); Brennan v. Qwest Commc'ns Int'l, Inc., No. 07-2024, 2009 WL 1586721, at **8–9 (D. Minn. June 4, 2009) ("[B]eing prevented from conducting timely depositions limits [the defendant's] ability to gather evidence that might reveal the presence of individualized defenses, which would be particularly relevant to the decertification motion and is a clear example of prejudice."). Without that evidence, Bojangles is at a disadvantage in attempting to decertify the collective action. Hurt v. Com. Energy, Inc., No. 1:12-cv-758, 2014 WL 3615807, at *4 (N.D. Ohio July 21, 2014) ("Without the ability to conduct discovery on the FLSA Claim Opt-Ins, Defendants are put at a distinct disadvantage."). Moreover, Bojangles notes that it intends to move for summary judgment as to the claims of the named plaintiffs. Bojangles asserts that its ability to present a full discovery record on their claims will be irremediably prejudiced if Bojangles cannot cross-examine the named plaintiffs about their contentions before summary judgment and trial. The Court agrees.

The third and fourth Wilson factors also support dismissal with prejudice as the appropriate sanction here. The subject Plaintiffs' refusal to comply with the Court's November 3 Order represents a "callous disregard for the authority of the district court and the Rules." Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc., 872 F.2d 88, 92 (4th Cir. 1989). This Court has a compelling need to deter both Plaintiffs and future litigants from refusing to comply with the Court's orders and refusing to fulfill their discovery obligations. See LaFleur, 2014 WL 37662, at *11 ("[T]he Court needs to deter noncompliance with Court orders and rules of procedure as well as refusals to participate in all aspects of adjudication of the case."). Finally, in addition to failing to comply with the Court's Order, all six subject plaintiffs have had months to

appear for deposition yet have failed to do so. Their extended failures to comply with their discovery obligations shows that no lesser sanction would cause them to participate in the case they brought or joined.

All four <u>Wilson</u> factors thus weigh heavily in favor of dismissing with prejudice the claims of the six plaintiffs who failed to appear for one or more properly noticed depositions and failed to comply with the Court's November 3 Order. The Court already reached this conclusion, albeit impliedly, when it granted Bojangles' motion to dismiss twenty plaintiffs for their similar failure to comply with the Court's November 3 Order.

In sum, like the twenty plaintiffs the Court dismissed on February 1, 2023, these six plaintiffs' failures to appear for deposition and to abide the Court's November 3 Order warrants dismissal pursuant to Federal Rules of Civil Procedure 37(d), 37(b), and 41(b). <u>See</u> (Doc. No. 358). Furthermore, the dismissal is with prejudice.

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Named and Opt-in Plaintiffs Pursuant to Rules 37 and 41, (Doc. No. 360) is **GRANTED** and the Opt-in Plaintiffs named in the motion to dismiss are dismissed with prejudice.

**IT IS SO ORDERED**.

Signed: June 9, 2023

Max O. Cogburn Jr.
United States District Judge