UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BOJANGLES RESTAURANTS, INC.,<br><br>Defendant. | ORDER |

This matter comes before the Court on Plaintiffs' Motion, pursuant to Federal Rule of Civil Procedure 72, to modify or set aside the Magistrate Judge's Decision, Doc. No. 274. (Doc. No. 277). Defendant has responded in opposition and Plaintiffs have filed a reply. (Doc. No. 285, 286).

I. BACKGROUND

Plaintiffs have asserted several causes of action against Defendant Bojangles concerning the Fair Labor Standards Act ("FLSA") and state wage-and-hour laws. CPI Security Systems Inc. ("CPI") is not a party to this lawsuit. CPI provides security monitoring services. Plaintiffs subpoenaed CPI for records relating to security monitoring services CPI provided to Defendant Bojangles between July 14, 2017 and the present. CPI objected to the production of the requested records and Plaintiffs sought an order directing non-party CPI to comply with the request or be held in contempt for non-compliance. (Doc. No. 263).

On May 5, 2022, United States Magistrate Judge David S. Cayer ordered CPI to produce the records Plaintiffs requested within fifteen (15) days, along with an invoice for its "costs of

1

production," and also ordered Plaintiffs to pay the invoice within fifteen (15) days of receipt. (Doc. No. 274). As ordered, CPI produced the records within fifteen days and included an invoice in the amount of $7,551.60. Upon receiving notice of CPI's invoice, Plaintiff filed the instant motion objecting to the Magistrate Judge's Order that it pay CPI's production expenses. (Doc. No 277). CPI has responded in opposition and Plaintiffs have filed a reply. (Doc. No. 285, 286).

## II. APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

## III. DISCUSSION

Plaintiffs have failed to show that the magistrate's decision was clearly erroneous or contrary to law. Judge Cayer appropriately noted Federal Rule of Civil Procedure Rule 26(c)(1) which states: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following … (B) specifying terms, including time and place or allocation of expenses, for the disclosure or discovery…." FED. R. CIV. P. 26(c)(1). Judge Cayer then exercised his discretion and determined that "Plaintiff is entitled to production of the subpoenaed information but must bear the costs." (Doc. No. 274 at 2).

Plaintiffs do not point to any statutes, case law, or procedural rules to support the contention that Judge Cayer misapplied Rule 26(c)(1). Moreover, Judge Cayer's decision that costs be shifted to the Plaintiffs is not clearly erroneous. When determining the cost allocation of a subpoena, courts often consider three factors: 1) whether the non-party actually has an interest in the outcome of the case; 2) whether the non-party can more readily bear its costs than the requesting party; and 3) whether the litigation is of public importance. See In re Exxon Valdez, 142 F.R.D. 380, 383 (D.D.C. 1992). Analyzing these three factors in the instant case, Judge Cayer's decision to shift the costs of production to the Plaintiffs is not clearly erroneous.

In sum, the Court has carefully reviewed the magistrate judge's order and the parties' respective briefs, and finds that the magistrate judge's decision was neither erroneous nor contrary to law. Accordingly, this Court denies Plaintiffs' motion to modify or set aside the magistrate judge's Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to modify or set aside the magistrate judge's Order, (Doc. No. 277), is **OVERRULED**.

**IT IS SO ORDERED**.

Signed: June 9, 2023

Max O. Cogburn Jr.
United States District Judge