UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | **ORDER** |
| BOJANGLES RESTAURANTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on Plaintiffs' Motion, pursuant to Federal Rule of Civil Procedure 72, to modify or set aside the Magistrate Judge's Text Only Order Denying Plaintiffs' Motion for Sanctions. (Doc. No. 279). Defendant has responded in opposition and Plaintiffs have filed a reply. (Doc. Nos. 292, 301).

I. BACKGROUND

Plaintiffs have asserted several claims against Defendant under the Fair Labor Standards Act ("FLSA") and state wage-and-hour law. In their complaint, Plaintiffs contend that Defendant engaged in "time shaving"—i.e., Defendant "systematically removed" shift managers' clocked-in time such that "[m]ost often, all overtime hours were systematically deleted" and shift managers were not paid for those overtime hours. (Doc. No. 269 ¶ 45). Defendant adamantly denies this allegation.

Plaintiffs have also asserted that Defendant has engaged in discovery abuse to hide evidence of its time shaving. Plaintiffs moved for discovery sanctions against Defendant on March 1, 2022. (Doc. No. 249). Plaintiffs' motion accused Defendant of withholding or

1

spoliating six categories of documents: (1) time punch record audit trail information; (2) alarm system records; (3) point-of-sale system transactional data; (4) video surveillance recordings; (5) shift managers' complaints about their pay; and (6) reprimands for shift managers exceeding labor budgets. (Doc. No. 251 at 9–23). Defendant responded in opposition to Plaintiffs' motion for sanctions. (Doc. No. 257). Plaintiffs replied to Defendant's response. (Doc. No. 261).

On May 5, 2022, the Magistrate Judge issued a text order denying Plaintiffs' motion for sanctions, stating in its entirety: "For the reasons stated in Defendant's brief, Plaintiff has failed to establish that it engaged in sanctionable conduct. The Motion for Sanctions is denied. So ordered." Plaintiffs now move to modify or set aside the Magistrate Judge's denial of Plaintiffs' Motion for Sanctions. (Doc. No. 279). Defendant has responded in opposition and Plaintiffs have filed a reply. (Doc. Nos. 292, 301).

## II. APPLICABLE STANDARD

A district court has authority to assign non-dispositive pretrial matters pending before the court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). When reviewing an objection to a magistrate judge's order on a non-dispositive matter, the district court must set aside or modify any portion of that order which is clearly erroneous or contrary to law. FED. R. CRIM. P. 59(a); see also FED. R. CIV. P. 72(a). To show that a magistrate judge's order is contrary to law, the objecting party must show that the magistrate judge failed to apply or misapplied statutes, case law, or procedural rules. See Catskill Dev. LLC v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002).

The rulings of a magistrate judge are not to be set aside unless they are "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). However, a short text order, such as the one presented in this case, is difficult to analyze for clear error or contradiction to law. "[W]here, as here, the

2

decision under review does not offer a reasoned explanation for its decision, and merely adopts one party's arguments in their entirety, 'it is incumbent on the Court to check the adopted findings against the record with particular, even painstaking, care.'" Holland v. Island Creek Corp., 885 F. Supp. 4, 6 (D.D.C. 1995) (quoting Berger v. Iron Workers Reinforced Rodmen Local 201, 843 F.2d 1395, 1408 (D.C. Cir. 1988)). Courts under similar circumstances have reviewed magistrate judge orders de novo. Equal Emp. Opportunity Comm'n v. Peters' Bakery, 301 F.R.D. 482, 486 (N.D. Cal. 2014) (reviewing magistrate judge's ruling on discovery matter de novo where magistrate judge's decision "provides no discussion of the rationale for ordering disclosure"); Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2, No. 18CIV1781PGGBCM, 2022 WL 153183, at *3 (S.D.N.Y. Jan. 18, 2022) (reviewing magistrate judge's ruling on privilege matter de novo where magistrate judge's decision "does not explain the basis for her ruling…."). Likewise, this Court will review Plaintiffs' motion for sanctions de novo.

This Court's de novo review will not consider evidence that was introduced after the magistrate judge entered his order. "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored." Galloway v. Rajjob, No. 1:20CV1033, 2021 WL 1248626, at *1 (M.D.N.C. Apr. 5, 2021) (internal quotation marks omitted) (quoting Caldwell v. Jackson, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010)). Indeed, the submission of new evidence upon review "often serves to undermine the magistrate review process rather than illuminate the arguments already before the court." Kielbania v. Indian Harbor Ins., No. 1:11CV663, 2012 WL 6554081, at *1 (M.D.N.C. Dec. 14, 2012). Therefore, this Court will not consider evidence that was not presented to the magistrate judge before he entered his order, such as the deposition testimony of Jason McGhee, which is referenced in Plaintiffs' Motion to modify or set aside. (Doc. No. 280).

### III. DISCUSSION

Plaintiffs move for sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. Specifically, Plaintiffs argue that Defendant should be sanctioned for failing to produce or spoliating information during the discovery process. (Doc. No. 249 at 1). Plaintiffs alleged six categories of information were allegedly withheld or spoliated: (1) time punch record audit trail information; (2) alarm system records; (3) point-of-sale system transactional data; (4) video surveillance recordings; (5) shift managers' complaints about their pay; and (6) reprimands for shift managers exceeding labor budgets. (Doc. No. 251 at 9–23). Rather than requesting a specific type of sanction, Plaintiffs have listed myriad possible sanctions at the Court's disposal.

Rule 37 of the Federal Rules of Civil Procedure sets forth the Court's procedures for enforcing discovery and sanctioning misconduct. "If a party fails to make a disclosure required by Rule 26(a), any party may move to compel disclosure and for appropriate sanctions." FED. R. CIV. P. 37(a)(1). Under Rule 37(a), before seeking sanctions, the moving party must provide a certification that it has, in good faith, conferred or attempted to confer with the disobedient party in an effort to obtain such answer or response without court action. FED. R. CIV. P. 37(a)(2).

If a motion for sanctions is granted, "the district court has broad discretion in determining the appropriate sanction for a party's noncompliance with a discovery request." Majestic Distilling Co. v. Stanley Stawski Distrib. Co., 205 F.3d 1333, 2000 WL 227919, at *4 (4th Cir. 2000) (unpublished table decision); see also Wilson v. Volkswagen of Am., Inc., 561 F.2d 494, 505 (4th Cir. 1977). An award of sanctions under Rule 37 should effectuate its three purposes: (1) obtaining compliance with discovery orders; (2) ensuring the disobedient party does not benefit from non-compliance; and (3) providing a general deterrent in the particular case and litigation in general. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976). In light of these purposes, a Court considers numerous factors when deciding whether to

4

impose sanctions under Rule 37, which can include: (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990) (considering the sanction of dismissing a case); cf. Davis v. Williams, 588 F.2d 69, 70 (4th Cir.1978) (applying substantially similar four-part test to sanction of dismissal with prejudice under Federal Rule 41(b) of Civil Procedure).

Moreover, a party seeking sanctions for spoliation must prove the following elements: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind"; and (3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. Goodman v. Praxair Servs., Inc., 632 F. Supp. 2d 494, 509 (D. Md. 2009).

In this case, Plaintiffs provide six justifications for their sanctions motion. First, Plaintiffs argue that Defendant should be sanctioned for failing to produce audit trail data, and spoliating audit trail data. However, Defendant has responded to Plaintiffs' request and provided audit trail data to the best of its abilities, so sanctions would be inappropriate. Plaintiffs specifically requested "audit trails for any timesheets and/or time tracking records," and Defendant provided its audit trail data. (Doc. Nos. 203-1 and 251 at 10). Plaintiffs argue that the audit trail data Defendant has provided is incomplete because it does not contain information regarding who edited Plaintiffs' time, when it was edited, whether the time was adjusted up or down, or why an adjustment was needed. However, the data provided by Defendant does state when it was edited,
5

Case 3:20-cv-00266-MOC-SCR   Document 411   Filed 06/09/23   Page 5 of 9

how it was adjusted, and why it was adjusted. While the data does not show who edited Plaintiffs' time, Defendant credibly asserts that its timekeeping software did not store this data, and Plaintiffs – pointing exclusively to software systems that have the ability to record who adjusted employees' time entries, but were not used by Defendant – have failed to establish otherwise. (Doc. No. 251 at 9). Because Plaintiffs cannot show that Defendant withheld or destroyed the audit trail data, the Court will not impose sanctions for failure to provide audit trail data.

Second, Plaintiffs argue that Defendant should be sanctioned for intentionally spoliating alarm records. Once again, Plaintiffs have failed to substantiate their allegation, and sanctions are inappropriate. Defendant credibly responded to Plaintiffs' request for alarm records, and explained that a third-party vendor, CPI, kept alarm records Plaintiffs seek; Defendant has never had control over the alarm records; and Defendant therefore had no obligation to preserve them. Plaintiffs have not provided any evidence to show that the alarm records have ever been in Defendant's possession. To the contrary, Plaintiffs have separately issued a subpoena to CPI seeking the alarm records. (Doc. No. 251 at 13). Because Plaintiffs have failed to show that Defendant spoliated alarm records, the Court will not impose sanctions for intentionally spoliating alarm records.

Third, Plaintiffs argue that Defendant should be sanctioned for failing to produce point-of-sale transactional data or spoliating such data. This justification for sanctions fails as well, because Plaintiffs did not formally request Defendant to produce point-of-sale transactional data before their motions to compel. Plaintiffs contend that their Request for Production No. 3 included a request for point-of-sale transactional data, and that this request was granted when the magistrate judge issued an order granting Plaintiffs' motion to compel. (Doc. No. 214). However, Request for Production No. 3 does not mention point-of-sale data. Request for

6

Production No. 3 sought:

> All documents reflecting any and all hours worked by Plaintiffs during the relevant time period, including but not limited to, timesheet and clock-in/out records, employee schedules, and all other information captured by any tracking software or system, and any written agreements or correspondence pertaining to employee schedules. This request also includes all versions, modifications, and audit trails for any timesheets and/or time tracking records. (To the extent this information was recorded and/or maintained electronically, the electronic data contained therein must be produced in accordance with Plaintiffs' instruction No. 9 on ESI).

(Doc. No. 164-1 at 21 (Request No. 3)).

Point-of-sale data is dissimilar from the time entry data, the request discusses. Moreover, even if Plaintiffs intended point-of-sale data to be encompassed by this request, Defendant's misinterpretation would be reasonable due to the request's imprecise language, and the Court's order granting the motion to compel did not address point-of-sale data. Because it is inappropriate to sanction a party for failing to produce documents that the opposing party never requested, this Court finds that sanctions are not warranted here. Elkharwily v. Mayo Holding Co., No. CV 12-3062, 2014 WL 12597508, at *6 (D. Minn. Dec. 17, 2014) ("The Court will not sanction Mayo for failing to produce a document that Plaintiff never requested, that the Court never required Mayo to produce, and that Mayo represents does not exist.").

Fourth, Plaintiffs argue that Defendant should be sanctioned for failing to produce video surveillance recordings or spoliating the recordings. However, sanctions are unwarranted on this ground. Defendant made video surveillance available to Plaintiffs by inviting Plaintiffs to visit, inspect, and copy video files from the restaurants pertinent to this case, where Defendant's video surveillance equipment is stored. (Doc. No. 252-1 at 4). Because Defendant made the video surveillance information available to Plaintiffs, Defendant properly responded to Plaintiffs' request and sanctions are not warranted. Sanitary Bd. of City of Charleston, W.V. v. Colonial Sur. Co., No. 2:18-cv-1100, 2019 WL 4866246, at *2 (S.D. W. Va. Oct. 2, 2019) (holding that a

party "properly responded" to document requests "by making the responsive documents available for inspection, even though this may not be the most common way to respond to a request for production or [the requesting party's] preferred method").

Fifth, Plaintiffs argue that Defendant should be sanctioned for failing to produce all complaints or concerns by Plaintiffs about their pay or spoliating such complaints and concerns. Once again, sanctions will not be granted, because Defendant credibly asserts that they have produced all complaints, and Plaintiffs have not shown that other complaints exist. Defendant has explained that formal complaints by employees are "generally documented in the employee's personnel file. Thus, to the extent any complaint from a shift manager about his or her pay exists, it should be located in the employee's personnel file." (Doc. No. 204-2 at ¶ 9). Plaintiffs point to the declaration testimony of ten opt-in plaintiffs who say they complained to Defendant about working off the clock or receiving incorrect pay. However, Plaintiffs have provided no documents to substantiate the existence of these complaints, or that they were made through the proper channels that would lead to the complaints being documented. Therefore, Defendant will not be sanctioned for failure to produce something that may not exist. For similar reasons, Plaintiffs cannot substantiate their sixth sanction argument against Defendant for failing to produce all reprimands of Plaintiffs for exceeding labor budgets or spoliating such reprimands.

In sum, the Court has carefully reviewed the parties' respective briefs, and finds that the magistrate judge's decision was correct. Accordingly, this Court denies Plaintiffs' motion to modify or set aside the magistrate judge's Order.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to modify or set aside the magistrate judge's Order, (Doc. No. 279), is **OVERRULED**.

8

Case 3:20-cv-00266-MOC-SCR   Document 411   Filed 06/09/23   Page 8 of 9

**IT IS SO ORDERED**.

Signed: June 9, 2023

Max O. Cogburn Jr
United States District Judge