UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BOJANGLES RESTAURANTS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the Court on Plaintiffs' Omnibus Motion to Strike and/or Object to the Declaration of Christina Bowers. (Doc. No. 405). Defendant has filed a Response in opposition to the motion, and Plaintiffs have filed a Reply. (Doc. Nos. 409, 412). For the following reasons, Plaintiffs' Motion is **DENIED in PART and GRANTED in PART**.

## I. BACKGROUND

Plaintiffs have asserted several claims against Defendant under the Fair Labor Standards Act ("FLSA") and state wage-and-hour law. In their complaint, Plaintiffs contend that Defendant engaged in "time shaving"—i.e., Defendant "systematically removed" shift managers' clocked-in time such that "[m]ost often, all overtime hours were systematically deleted" and shift managers were not paid for those overtime hours. (Doc. No. 269 at ¶ 45). Defendant adamantly denies this allegation.

During discovery, Plaintiff served a deposition notice on Defendant corporation. Federal Rule of Civil Procedure 30(b)(6) requires a named organization noticed for deposition to provide at least one witness who consents to testify on the organization's behalf about the topics noticed

1

for deposition. FED. R. CIV. P. 30. The Rule 30(b)(6) witness must be knowledgeable about the noticed topics, must be appropriately prepared to testify to such noticed topics even if the witness has no prior personal knowledge on the subjects, and the organization will be bound by the answers provided by the Rule 30(b)(6) witness. Defendant produced Cathy Chase, the Senior Director of Employee Experience at Bojangles' Restaurants, Inc., to serve as Defendant's Rule 30(b)(6) witness, and she was deposed. (Doc. No. 341-2).

Subsequently, Plaintiffs moved to compel an additional Rule 30(b)(6) deposition from Chase, arguing that Bojangles' Rule 30(b)(6) witness, Cathy Chase, was unprepared to testify on the topics Plaintiffs noticed and thus provided incomplete testimony on those topics. (Doc. No. 340). This Court rejected that argument and denied Plaintiffs' motion to compel additional Rule 30(b)(6) deposition. (Doc. No. 350).

Now, Defendant has filed a motion to Decertify Plaintiffs' collective action. (Doc. No. 380). In support of its Motion to Decertify, Defendant has provided a 32-paragraph declaration by Christina Bowers, a Regional Director of Operations at Bojangles' Restaurants, Inc. (Doc. No. 381-2). Plaintiffs allege that Bowers' declaration is objectionable for several reasons and seek to either strike Bowers' declaration in its entirety or object to specific statements in the declaration. (Doc. No. 405). Specifically, Plaintiffs contend that Bowers lacks the personal knowledge necessary to make certain statements in her declaration, Bowers' declaration inappropriately supplements Chase's Rule 30(b)(6) testimony, and Bowers' declaration conflicts with Chase's Rule 30(b)(6) testimony. Accordingly, pursuant to Federal Rules of Civil Procedure 30(b)(6) and Rule 12(f), and the Federal Rules of Evidence, Plaintiffs move for an Order striking Defendant's declaration of Christina Bowers.

II. DISCUSSION

2

Plaintiffs make two arguments in support of their Motion to Strike. This Court will address each in turn.

### a. Bowers' Personal Knowledge Supports the Assertions in Her Declaration

First, Plaintiffs allege that Bowers lacks the personal knowledge necessary to support the assertions in her declaration. Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." FED. R. EVID. 602.

Here, Plaintiffs allege that Bowers was not in a position to have acquired personal knowledge of the matters in her declaration. It is undisputed that Bowers has spent more than 15 years working at Bojangles in various capacities. Bowers worked as a shift manager, assistant general manager ("AGM"), general manager ("GM"), Area Director, and Regional Director of Operations. Bowers was an Area Director overseeing five to seven stores between 2017-2020, until she was promoted to the position of Regional Director of Operations, the role she served between 2021-2023. (Doc. No. 381-2 at ¶ 2).

Plaintiffs contend that, because Bowers was only an Area Director between 2017-2020, Bowers cannot testify "as to what happened in all 300 [Bojangles] stores *as if she was omniscient.*" (Doc. No. 412 at 2). That is true. However, Bowers declaration does not claim to describe the actual events at every one of Bojangles' restaurants on any particular day between 2017 and 2020. Rather, Bowers' declaration describes the general operational policies that apply to company owned Bojangles restaurants. The declaration even explicitly notes that the actual processes followed by restaurants may vary depending on the particular restaurant and the particular day. See, e.g., (Doc. No. 381-2 at ¶ 10 (describing documentation of time edits audits

3

being "retained in the restaurant for a period of time, with the retention period varying by Area Director"; ¶ 16 (stating that "the actual process followed by any given restaurant on any given day may vary from what I describe here based on the unique circumstances on any given day and the preferences of restaurant management")).

Bowers' declaration speaks to operational procedures and practices at Bojangles restaurants and does not profess to describe distinct store level events that have or have not occurred. Because Bowers has years of experience working in operations roles at Bojangles, and her declaration only discusses operations procedures and practices at Bojangles restaurants generally, Bowers has demonstrated she has the requisite personal knowledge to support her declaration's assertions. Accordingly, striking Bowers declaration for lack of knowledge is improper.

### b. Bowers' Declaration Does Not Improperly Supplement or Contradict Defendant's Designated 30(b)(6) Testimony

Second, Plaintiffs argue that Bowers' declaration improperly supplements and contradicts Defendant's designated 30(b)(6) witness testimony. As noted above, Rule 30(b)(6) requires a named organization noticed for deposition to provide at least one witness who consents to testify on the organization's behalf about the topics noticed for deposition. Once that 30(b)(6) witness has testified, an organization's 30(b)(6) deposition testimony is "binding" in the sense that whatever its deponent says can be used against the organization.

However, Rule 30(b)(6) testimony is not "binding" in the sense that it precludes the deponent, or other deponents, from correcting, explaining, or supplementing its statements. Keepers, Inc. v. City of Milford, 807 F.3d 24, 34 (2d Cir. 2015). Neither the text of Rule 30(b)(6) nor the Rule's Advisory Committee notes suggest that Rule 30(b)(6) is meant to bind a corporate

party irrevocably to whatever its designee happens to recollect during her testimony. Of course, if a corporation's deposition testimony morphs with subsequent additions, that corporation risks its credibility, but that does not mean the corporation has violated the Federal Rules of Civil Procedure.

Moreover, Rule 30(b)(6) and its Advisory Committee notes do not preclude someone different than the original Rule 30(b)(6) witness from doing the correcting, explaining, or supplementing. Indeed, the Rule allows a corporation to designate multiple 30(b)(6) witnesses so long as the corporation does not engage in "bandying," when officers of a corporation each strategically refrain from sharing knowledge that is clearly known to persons within the organization, thereby sending the deposing party on a wild goose chase to track down the individuals within the organization with the pertinent knowledge. FED. R. CIV. P. 30 Advisory Committee Notes. Here, no bandying has occurred, as Chase's testimony was complete, Doc. No. 350, and Bowers' declaration further elucidates, rather than obfuscates, the procedures and practices at Bojangles' company owned restaurants. Therefore, to the extent that Bowers' declaration supplements Defendant's 30(b)(6) deposition testimony, the declaration does not violate Rule 30(b)(6) or the rules of evidence.

Plaintiffs assert, regardless of the permissibility of supplementing Rule 30(b)(6) testimony, that Bowers' declaration contradicts the Rule 30(b)(6) testimony, and therefore Bowers' declaration should be stricken. Specifically, Plaintiffs allege three instances of contradiction.

First, Plaintiffs argue that Bowers' declaration that a policy for authorizing time edits existed is inconsistent with Chase's testimony that Bojangles did not enforce its time edit authorization policy at the corporate level and that Chase was unaware whether any particular

store enforced the policy. These two statements are not in contradiction. Bowers' statement refers to the existence of a policy, and Chase's statement refers to the enforcement of that policy—two completely different things.

Second, Plaintiff claims that Bowers' declaration stating that audits of the time edits occurred regularly is inconsistent with Chase's testimony that she was unaware of any audits. While these two statements do contradict one another, the topic of time edit audits was outside the scope of the deposition notice that Plaintiffs had provided Chase. Therefore, Chase's lack of knowledge cannot be considered binding on Defendant corporation, and Bowers' supplemental statement does not need to be stricken.

Lastly, Plaintiffs argue that Bowers' testimony about the responsibilities for bank deposits is inconsistent with Chase's testimony on the same topic. Bowers stated that "Bojangles prefers that a GM or an AGM takes the deposit to the bank and most often GMs or AGMs do so. From time to time, shift managers may take deposits to the bank." (Doc. No. 381-2 at ¶ 17). Chase testified that "[t]aking a bank deposit is a work function of a management person that works at our Bojangles restaurants," including shift managers. (Doc. No. 341-3 (Chase 30(b)(6) Dep.) at 76:11–15). Those two statements are not inconsistent, and therefore striking Bowers' statement is inappropriate.

Because Bowers' declaration does not improperly supplement or contradict Defendant's designated 30(b)(6) witness testimony, Bowers' declaration will not be stricken. However, because Bowers' declaration does seem to supplement information that Plaintiffs sought from Defendant's 30(b)(6) witness, this Court will allow Plaintiffs to depose Bowers in her official capacity regarding Bojangles' generally applicable operational policies and practices.

V. **CONCLUSION**

6

In sum, Bowers' declaration will not be stricken because Bowers has demonstrated the requisite personal knowledge to support her declaration, and Bowers' declaration does not improperly supplement or contradict Defendant's designated 30(b)(6) witness testimony. However, this Court will allow Plaintiffs to depose Bowers in her official capacity regarding Bojangles' generally applicable operational policies and practices.

## **ORDER**

**IT IS THEREFORE ORDERED** that Plaintiff's Omnibus Motion to Strike and/or Object to the Declaration of Christina Bowers, Doc. No. 405, is **GRANTED in PART and DENIED in PART**. The Court declines to strike the Declaration of Christina Bowers and overrules Plaintiffs' objections to the Declaration. However, this Court will allow Plaintiffs to depose Bowers in her official capacity.

Signed: August 3, 2023

Max O. Cogburn Jr.
United States District Judge