UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| | |
|---|---|
| ROBERT E. STAFFORD, JR., MELISSA BONETTI, HERBERT MALLET, JACQUELINE JOHNSON, CATHRINE ALLEN, DEVRON JONES, LAURA SHOPE, TABITHA DANIEL, DAMIAN PRENTICE, LAQUASHA OSAGHEE, And **RONDA COLE,** on behalf of themselves and all others similarly situated, **Plaintiffs,** vs. BOJANGLES RESTAURANTS, INC., **Defendant.** | **ORDER** |

**THIS MATTER** comes before the Court on Plaintiffs' Motion to Certify Rule 23 Class Actions, Appoint Class Representative(s) and Class Counsel. (Doc. No. 385). For the following reasons, Plaintiffs' motion is **GRANTED** in part and **DENIED** in part.

I. BACKGROUND

This case is a collective action concerning wage and hour claims raised by current and former Bojangles shift managers. Plaintiffs allege violations of the Fair Labor Standards Act (FLSA) and state laws.

Almost three years ago, this Court certified Plaintiffs' FLSA class over Defendant's objections. (Doc. No. 27). Now, Plaintiffs seek further certification of seven additional classes bringing state law claims in North Carolina,[1] South Carolina,[2] Tennessee,[3] Kentucky,[4] Alabama,[5]

---

[1] (Doc. No. 269 ¶ 1), citing N.C.G.S. § 95-25.1.

Georgia,[6] and Virginia.[7] (Doc. No. 385). Bojangles opposes certification of these classes (Doc. No. 394) and has also moved for decertification of Plaintiffs' FLSA class. (Doc. No. 380).

This order considers only Plaintiffs' motion for certification of the additional state classes. Defendant's decertification motion will be addressed separately.

## II.    LEGAL STANDARD

Plaintiffs aim to certify seven state law classes under FED. R. CIV. P. 23. (Doc. No. 385). Rule 23 imposes four requirements for certification of a class: numerosity, commonality, representativeness, and adequacy. FED. R. CIV. P. 23. In addition to satisfying these four factors, the putative class must also satisfy the requirements for one of the three types of class action contemplated by FED. R. CIV. P. 23(b).

Plaintiffs seek to proceed as a FED. R. CIV. P. 23(b)(3) class. (Doc. No. 386 at 20). To do so, Plaintiffs must show "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The two factors identified by FED. R. CIV. P. 23(b)(3) are known as "predominance" and "superiority." Rule 23(b)(3)(a)–(d) articulates four sub-factors that guide this Court's findings on predominance and superiority: "a) the class members' interests in individually controlling the prosecution or defense of separate actions; b) the extent and nature of any litigation concerning the controversy already begun by or against class members; c) the

---

[2] Id., citing S.C.C.A. § 41-10-10.
[3] Id., citing T.C.A. § 50-2-101–113.
[4] Id., citing K.R.S. § 337.010.
[5] (Doc. No. 386 at 15 n.3) ("The Alabama Class also alleges breach of contract and quantum meruit since Alabama does not have its own overtime laws and follows the FLSA.").
[6] (Doc. No. 269 ¶ 1), citing O.C.G.A. §§ 34-4-1–6, 34-7-2, 34-2-11.
[7] Id., citing V.C.A. §§ 40.1-28.8, 40.1-29.

desirability or undesirability of concentrating the litigation of the claims in the particular forum; d) the likely difficulties in managing a class action." Id.

### III. DISCUSSION

To prevail on their certification motion, Plaintiffs must satisfy all four requirements outlined by Rule 23(a). Because five of the seven putative classes cannot satisfy the "adequacy" requirement of FED. R. CIV. P. 23(a)(4), Plaintiffs' certification motion will be denied with respect to those classes.

The two classes which satisfy the adequacy prong—the North and South Carolina classes—are analyzed separately. The Court will ultimately grant Plaintiffs' certification motion with respect to the North and South Carolina classes.

#### a. The Alabama, Georgia, Kentucky, Tennessee, and Virginia Classes

To satisfy the "adequacy" prong of Rule 23(a), the representative parties must "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). If the named plaintiffs for the putative class do not fairly and adequately protect that class's interests, then the certification motion must be denied.

##### i. Alabama Representatives

This Court dismissed with prejudice Marquita Smith and Jennifer Wester from this case on February 1, 2023. (Doc. No. 358). Almost two months later, Plaintiffs' counsel named Smith and Wester as representatives of the Alabama class in their certification motion. (Doc. No. 386). Plaintiffs' counsel justified naming Smith and Wester by filing a Motion for Reconsideration of the Court's dismissal. (Doc. No. 386 at 1 n.1), citing (Doc. No. 375). This Court denied Plaintiffs' reconsideration motion, and Smith and Wester remain dismissed. (Doc. No. 407).[8]

---

[8] Plaintiffs' counsel is respectfully reminded that "it is improper to file a motion for

Parties who have been dismissed with prejudice cannot "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). Plaintiffs' certification motion with respect to the Alabama class will be denied.

### ii. Georgia Representatives

The Georgia representatives, Laquasha Osaghae and Ronda Cole, each bring two state law claims. The first claim invokes the Georgia Minimum Wage Law (GMWL). (Doc. No. 296 ¶ 2(f)), citing O.C.G.A. §§ 34-4-1–6. The second clam invokes the Georgia Wage Payment Law (GWPL). Id., citing O.C.G.A. §§ 34-7-2, 34-7-11.

This Court rendered summary judgment against Plaintiffs' GMWL claims. (Doc. No. ___). The Georgia representatives' remaining claims are brought under the GWPL. The GWPL has a shorter (two years) statute of limitations than the GMWL (three years). Compare O.C.G.A. § 9-3-22 with O.C.G.A. § 34-4-6. Putative representatives Osaghae and Cole separated from Bojangles in 2019, more than two years before Plaintiffs asserted the Georgia class claim. Consequently, the putative representatives' claims are time-barred. O.C.G.A. § 9-3-22.

Plaintiffs with no valid claim against the Defendant cannot "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). Plaintiffs' certification motion with respect to the Georgia class will be denied.

### iii. Kentucky Representatives

The Kentucky representatives, Cathrine Allen and Devron Jones, bring claims under the Kentucky Wage and Hour Act (KWHA). (Doc. Nos. 269 ¶ 1(c), 386); see K.R.S. § 337. To bring a claim under the KWHA, a plaintiff must first file a wage and hour charge with the appropriate

---

reconsideration, simply to 'ask the Court to rethink what the Court had already thought through—rightly or wrongly.'" N. Carolina ex rel. Cooper v. Tennessee Valley Auth., No. 1:06CV20, 2008 WL 2115159, at *2 (W.D.N.C. May 16, 2008) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

state agency. See Goins v. Interstate Blood Bank, Inc., No. CIV.A. 403CV040M, 2005 WL 1653611, at *6 (W.D. Ky. July 12, 2005); McMichael v. Falls City Towing Co., 199 F. Supp. 2d 632, 637 (W.D. Ky. 2002) ("[A]n employee must assert any statutory wage and hour disputes with the Secretary of the Labor Cabinet before filing suit in any court."). Neither Kentucky representative exhausted their administrative remedies before bringing their KWHA suit. Consequently, like the Court in McMichael, this Court "cannot fashion the remedy which Plaintiffs seek." McMichael, 199 F. Supp. 2d at 637.

Plaintiffs with no valid claim against the Defendant cannot "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). Plaintiffs' certification motion with respect to the Kentucky class will be denied.

### iv. Tennessee Representatives

The Tennessee representatives, Tabitha Daniel and Damian Prentice, bring claims under the Tennessee Wage Regulation Act (TWRA). (Doc. Nos. 269 ¶ 1(e), 386); see T.C.A. §§ 50-2-101–113. This Court recently rendered summary judgment against Plaintiffs' TWRA claims. (Doc. No. ____).

Plaintiffs with no valid claim against the Defendant cannot "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). Plaintiffs' certification motion with respect to the Tennessee class will be denied.

### v. Virginia Representative

Like the proposed Alabama representatives, this Court dismissed with prejudice Plaintiffs' proposed Virginia representative. (Doc. No. 408). Parties who have been dismissed with prejudice cannot "fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). Plaintiffs' certification motion with respect to the Virginia class will be denied.

### vi. A Note on Superiority

Plaintiffs respond to defects identified in their representatives' state law causes of action by arguing that their classes ought to be certified on their FLSA claims. (Doc. No. 403 at 12–13) ("[S]ince Georgia does not have a provision for overtime violations, the FLSA (with its three-year statute for wilful violations) applies . . . . Tennessee does not have an overtime compensation provision, so those class members may rely on the FLSA[.]"). But this Court has already certified Plaintiffs' FLSA class. (Doc. No. 27). The "superiority" element of Rule 23(b)(3) requires this Court to consider whether a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Here, the Court is required to weigh the efficacy of certifying several additional state FLSA classes against proceeding with the single FLSA class it has already certified. It is not clear how certifying additional state FLSA classes would "achieve economies of time, effort, and expense." Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 615 (1997).

### b. The North and South Carolina Classes

Because the North and South Carolina Plaintiffs satisfy the requirements of FED. R. CIV. P. 23(a) and 23(b)(3), Plaintiffs' motion to certify these classes will be granted.

### i. Numerosity

To satisfy the numerosity prong at Rule 23(a)(1), Plaintiffs must show that "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). There are 2,143 members of the putative North Carolina class and 912 members of the putative South Carolina class. (Doc. No. 386). The Court finds that joining more than 3,000 putative class members to this case would be expensive, inconvenient, and a waste of judicial resources. Joinder would be especially burdensome for "economically disadvantaged" members of the

putative classes. See Robidoux v. Celani, 987 F.2d 931 (2d Cir. 1993). Defendant concedes that Plaintiffs satisfy the numerosity prong. (Doc. No. 394).

### ii. Commonality

To satisfy the commonality prong at Rule 23(a)(2), Plaintiffs must show that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). More specifically, putative class members must have "suffered the same injury" such that their claims depend on a "common contention" capable of "classwide resolutions." Scott v. Family Dollar Stores, Inc., 733 F.3d 105 (4th Cir. 2013) (quoting Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011)). Rule 23(a)(2) "does not set forth a mere pleading standard." Dukes, 564 U.S. at 350. Instead, Plaintiffs must prove that there are "in fact sufficiently . . . common questions of law or fact." Id.

Both North and South Carolina Plaintiffs allege minimum wage and overtime violations, unlawful deductions, inaccurate record keeping, and time shaving in violation of federal and state law. (Doc. No. 386). Plaintiffs support their allegations with declaration testimony from current and former shift managers. Id. Specifically, Plaintiffs allege that they were required to complete certain tasks before clocking in pursuant to Bojangles' "Opening Checklist." Id. Bojangles responds that the Opening Checklist does not create a common question of law or fact because "20% of opt-in shift managers stated they never once performed pre-shift work off the clock." (Doc. No. 394 (citing Goldberg Rep ¶ 23). Defendant apparently admits that 80% of opt-in shift managers do claim to have performed pre-shift work off the clock in violation of federal and state law.

Because the Court finds that the pre-shift work required by the Opening Checklist creates a common question of fact, the Court concludes that the putative North and South Carolina

classes satisfy Rule 23's commonality requirement. The Court does not—and need not—make any such finding with respect to Plaintiffs' claims regarding Bojangles' time edit authorization policy. All of Plaintiffs' claims are entitled to class treatment.

### iii. Typicality

To satisfy the typicality prong at Rule 23(a)(3), Plaintiffs must show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). A representative party's claims and defense are typical if prosecution thereof will "simultaneously tend to advance the interests of the absent class members." Deiter v. Microsoft Corp., 436 F.3d 461, 466 (4th Cir. 2006). Because the representative parties allege the same injury and seek the same relief as putative class members, Plaintiffs assert that the Rule 23's typicality element is satisfied. (Doc. No. 386 at 18–19).

Defendant argues that the representative parties' claims are not typical, because some representative parties allege performing different tasks while off the clock than certain members of the opt-in class. (Doc. No. 394). Named Plaintiff Stafford, for example, "does not allege that he made bank deposits, transported employees, picked up product from other restaurants, ran errands, or attended mandatory meetings without compensation—all activities that many class members allege to have performed without pay." (Id. at 15). Defendant misses the mark. Plaintiffs' theory is that Bojangles violated federal and state law by requiring class members to work off the clock. Representative parties and class members are "unified by a common theory of being worked off the clock," regardless of the specific uncompensated activities they were required to perform. (Doc. No. 403 at 10).

Because the representative parties assert the same injury and seek the same relief as the members of the putative classes, the Court is satisfied that the claims and defenses of the named

Plaintiffs are typical of the putative classes. The Court finds Rule 23's typicality requirement satisfied.

### iv. Adequacy

To satisfy the adequacy prong at Rule 23(a)(4), Plaintiffs must show that "the representative parties will fairly and adequately protect the interest of the class." FED. R. CIV. P. 23(a)(4). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." Amchem Prod., Inc. v. Windsor, 521 U.S. 591, 625–26 (1997). Consequently, the named representative must "'possess the same interest and suffer the same injury' as the class members." East Tex. Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977) (quoting Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 216 (1974)). Here, the proposed named Plaintiffs suffered the same injuries as the rest of the putative class. There is no indication that the representative parties' interests are antagonistic to those of the putative class.

Defendant contends that the contradictory testimony of Jacqueline Johnson (SC) and Melissa Bonetti (NC) render them inadequate representatives. (Doc. No. 394 at 18–19). It is true that a district court can deny certification based on a representative's lack of credibility. Monroe v. City of Charlottesville, Va., 579 F.3d 380, 385 (4th Cir. 2009) ("Findings that a representative lacks sufficient interest, credibility, or either knowledge or an understanding of the case— although a knowledge or understanding of all the intricacies of the litigation is not required—are grounds for denying class certification."). But credibility issues do not threaten a representative's adequacy unless "there exists admissible evidence so severely undermining plaintiff's credibility that a fact finder might reasonably focus on plaintiff's credibility, to the detriment of the absent class members' claims." CE Design Ltd. v. King Architectural Metals, Inc., 637 F.3d 721, 728

(7th Cir. 2011) (quoting Dubin v. Miller, 132 F.R.D. 269, 272 (D. Colo. 1990)). Put otherwise, "[s]erious challenges to typicality and adequacy must be distinguished from petty issues manufactured by defendants to distract the judge from his or her proper focus under Rule 23(a)(3) and (4) on the interests of the class." Id.

Jacqueline Johnson apparently misstated her employment dates during her deposition, creating a discrepancy with her declaration. (Doc. No. 403 at 15–16). There is no serious credibility challenge to Johnson's adequacy as a representative party.

Melissa Bonetti's declaration states that, ostensibly in her role as a shift manager, she was expected to clock out at 11:00 pm and continue working. (Doc. No. 235-2 ¶¶ 4, 16). Bojangles' records, however, indicated that she clocked out after 11:00 pm more than 200 times. (Doc. No. 394 at 19). Plaintiffs' counsel notes that the entries to which Bojangles refers pertain to Bonetti's time as a salaried Assistant Unit Director, not a shift manager. (Doc. No. 403 at 16). Consequently, there is no serious credibility challenge to Bonetti's adequacy as a representative party.

The Court finds that Plaintiffs satisfy the adequacy requirement with respect to the North and South Carolina classes.

### v.  Predominance and Superiority

To satisfy the predominance and superiority prongs at Rule 23(b)(3), Plaintiffs must show that "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). To determine whether Plaintiffs carry this burden, this Court considers "a) the class members' interests in individually controlling the prosecution or defense of separate actions; b) the extent

and nature of any litigation concerning the controversy already begun by or against class members; c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; d) the likely difficulties in managing a class action." Id.

Defendant maintains that Plaintiffs cannot establish predominance for the same reason they cannot establish typicality: that is, because the nature of "Plaintiffs' supposed off-the-clock work varies by individual, as does the amount of uncompensated time and the frequency with which it supposedly occurred." (Doc. No. 394 at 22). Consequently, Defendant argues, "resolving [Plaintiffs'] claims would require individualized determinations of what activities each plaintiff did on each day, the amount of time they spend doing those activities, and whether they did them while on or off the clock." Id. at 23–24. Defendant's arguments also go to the superiority prong of Rule 23(b)(3): "attempting to try Plaintiffs' claims on a class-wide basis would create substantial manageability problems." Id. at 25.

For the foregoing reasons, Defendant claims that "[d]ozens of federal appellate and district court decisions hold that off-the-clock and time shaving claims fail to meet the predominance requirement." (Doc. No. 394 at 20). However, none of these cases were decided by the Fourth Circuit, or even a district court therein. And even if certification is not always appropriate in off-the-clock and time shaving cases, it does not follow that certification would necessarily be inappropriate here. Indeed, this Court found the predominance element satisfied in a similar off-the-clock case. See Jahagirdar v. Computer Haus NC, Inc., No. 1:20-cv-33, 2021 WL 5163307 (W.D.N.C. Nov. 5, 2021).[9]

---

[9] Defendant argues Jahagirdar was wrongly decided. (Doc. No. 394 at 12 n.12). The Court respects defense counsel's forwardness and tenacity in advocating for their client, but respectfully disagrees. Defendant claims that Jahagirdar contravened Dukes' requirement that a plaintiff must "prove that there are in fact . . . common questions of law or fact." 564 U.S. at 350. But this Court explicitly found that "there are sufficient facts in the record to raise common

In Jahagirdar, this Court found that "the claims and defenses of class members relating to Defendants' wage and hour practices" predominated over individual differences where those differences "originated from the same alleged policies and practices, and the questions of whether such policies and practices in fact existed, were in fact unlawful, and did in fact harm Plaintiffs." Id. at *9. Such is the case here. Despite differences in the character and extent of Plaintiffs' off-the-clock work, all class members' claims "originate from the same alleged policies and practices," including Bojangles' Opening Checklist. Consequently, the Court finds that the North and South Carolina Plaintiffs satisfy the predominance prong.

The Court additionally finds that the class members' interest in individually controlling the prosecution of separate actions is low. Over three thousand members have joined the North and South Carolina classes, indicating a strong desire to proceed on a collective basis. Additionally, the size of many Plaintiffs' individual claims is small, and the practical consequences of litigating the claims individual would likely be insurmountable.

The Court also finds that this matter has already been litigated extensively by the parties under the guise of Plaintiffs' national FLSA class. To the Court's knowledge, there are no other pending actions relating to these facts. Consequently, certifying the North and South Carolina classes and allowing them to collectively pursue state law claims will not interfere with other litigation.

The Court further finds concentrating litigation of these claims in this forum desirable. The North and South Carolina classes only implicate North and South Carolina state law. The Court has familiarity with both states' law, as both states are within the Fourth Circuit.

---

questions—capable of generating common answers—about the existence of such policies and practices." Jahagirdar, No. 1:20-cv-33, 2021 WL 5163307, at *6. Defendant quotes a sentence from the prior paragraph ("there may have been common wage and hour policies and practices") out of context. Id.

Finally, the Court finds that the likely difficulties of managing these class actions are not greater than those posed by any other class action. More important, the difficulties in managing these class actions are far less than the difficulties that would arise from requiring Plaintiffs to proceed individually.

In conclusion, the claims of class members relating to Defendants' off-the-clock practices predominate over individual issues, and a class action is superior to other available methods of adjudication.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that:

**(1)** Plaintiffs' motion is **DENIED** with respect to the Alabama, Virginia, Georgia, Tennessee, and Kentucky classes. This denial is **WITHOUT PREJUDICE**.

**(2)** Plaintiffs' motion is **GRANTED** with respect to the North and South Carolina classes.

**(3)** In certifying a class, this Court is required to "define the class and the class claims, issues, or defenses." FED. R. CIV. P. 23(c)(1)(B). The members of the North and South Carolina classes are "readily identifiable" EQT Prod. Co. v. Adair, 764 F.3d 347, 358 (4th Cir. 2014) and **DEFINED** as follows:

> The North Carolina Class: *"All persons who worked as a shift manager at Bojangles in the state of North Carolina at any time from three years prior to the filing of this Complaint to the entry of judgment in the case."*
>
> The South Carolina Class: *"All persons who worked as a shift manager at Bojangles in the state of South Carolina at any time from three years prior to the filing of this Complaint to the entry of judgment in the case."*

**(4)** Plaintiffs Robert E. Stafford, Jr., and Melissa Bonetti are designed class representatives

for the North Carolina class. Plaintiffs Herbert Mallet and Jacqueline Johnson are designated class representatives for the South Carolina class.

**(5)** L. Michelle Gessner, the attorney of record of the appointed class representatives, is authorized to serve as class counsel to represent the class.

**(6)** The parties are **DIRECTED** to confer and jointly submit, within thirty (30) days of the date of this Order, proposed class notice documents in conformance with Rule 23(c)(2), which the Court will consider before issuing notice to the class.

This is the type of matter that can be resolved by skilled attorneys. The parties are encouraged to engage in <u>serious</u> settlement discussions before submitting the class notice documents to the court for approval.

Signed: October 20, 2023

*[Signature]*

Max O. Cogburn Jr
United States District Judge