UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-266-MOC

| ROBERT E. STAFFORD, JR. on behalf of himself and all others similarly situated, | ) ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | **ORDER** |
| BOJANGLES RESTAURANTS, INC., | ) ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court on Defendants' motion to stay pending appeal (Doc. No. 433) and submission regarding class notice form (Doc. No. 435), and Plaintiffs' request to send class notice. (Doc. No. 436).

In October, this Court partially granted Plaintiffs' motion for class certification. (Doc. No. 426). Defendant Bojangles timely filed with the Fourth Circuit a petition for permission to appeal the certification order under FED. R. CIV. P. 23(f). (Doc. No. 427). The Fourth Circuit granted Bojangles' petition. (Doc. No. 430). Bojangles now seeks to stay proceedings in this Court pending appeal. (Doc. Nos. 433, 434). Plaintiffs apparently oppose Defendants' motion, but not enough to file a response. (Doc. No. 433 ¶ 5).

This Court's October certification order directed the parties to provide the Court with a joint proposed class notice within thirty days. (Doc. No. 426 at 14). That deadline was subsequently extended to December 20. (11/16/23 Text Order). Bojangles filed its motion to stay on December 19. Thus, this Court's deadline for the parties to provide a joint proposed class notice expired before the Court could rule on Bojangles' motion to stay.

1

Nevertheless, Plaintiffs request the Court approve the proposed class notice and require Defendant to produce an updated class list. (Doc. No. 436). Defendants maintain that proceedings should be stayed, and in the alternative that the Court should "delay sending notice of class certification" during the pendency of the appeal. (Doc. No. 435) (quoting 3 Newberg on Class Actions § 8:11 (5th ed. 2021)).

The Court first addresses Bojangles' motion to stay. Because the Court will find that a stay is justified, it is unnecessary for the Court to decide whether to delay sending notice of class certification absent stay.

Federal Rule of Civil Procedure 23(f) does not provide for an automatic stay of district court proceedings pending appeal of a class certification order. Prado-Steiman v. Bush, 221 F.3d 1266, 1273 n.8 (11th Cir 2000). Instead, the Court may enter a discretionary stay where the balancing test articulated in Hilton v. Braunskill, 481 U.S. 770, 776 (1987) is satisfied. Scott v. Family Dollar Stores, Inc., No. 3:08-cv-540-MOC, 2016 WL 4267954, at *1 (W.D.N.C. Aug. 11, 2016). The Hilton test requires the Court to consider four factors:

(1) the likelihood that the movant will succeed on the merits of the appeal;

(2) whether the movant will suffer irreparable injury absent a stay;

(3) whether issuance of a stay will harm other parties; and

(4) where the public interest lies.

Id. See also Long v. Robinson, 432 F.2d 977, 980-81 (4th Cir. 1970). The Court's entry of a discretionary Rule 23(f) stay depends "on a demonstration that the probability of error in the class certification decision is high enough that the costs of pressing ahead in the district court exceed the costs of waiting." Blair v. Equifax Check Serv., Inc., 181 F.3d 832, 832 (7th Cir. 1999).

The first factor of the Hilton test—likelihood of success on appeal—does not favor entry of a stay. True, the Fourth Circuit exercises its discretion to grant review sparingly. Family Dollar, 2016 WL 4267954, at *1. And the Circuit's acceptance of Bojangles' appeal is a necessary condition for the Circuit's potential conclusion that Plaintiffs' classes should not have been certified. But mere acceptance of Bojangles' appeal is insufficient to show a high likelihood of success on the merits. At best, this factor is neutral.

The second and third factors of the Hilton test—potential harm to the parties—weigh in favor of a stay. Class-wide merits discovery will burden the parties and the Court, and that burden may be unnecessary if the Circuit holds for Defendants. See Brown v. Charles Schwab & Co., No. 07-3852, 2010 WL 424031, at *1-2 (D.S.C. Feb. 1, 2010). The cost of potentially unnecessary class-wide discovery to Defendant could constitute irreparable harm. Family Dollar, 2016 WL 4267954, at *2. Unnecessary class-wide discovery could also harm Plaintiffs by imposing needless costs. These factors favor Defendant's motion.

Most compelling, the public interest favors entry of a stay. A stay serves judicial economy by preventing the waste of judicial resources on class-wide discovery disputes later mooted by a Fourth Circuit ruling. Entry of a stay also avoids potentially confusing class members. See Wachtel v. Guardian Life Ins. Co. of Am., 453 F.3d 179, 183 (3d Cir. 2006). The potential for class member confusion is particularly high where, as here, one party proposes sending notice of certification while the certification is on appeal. See In re Rail Freight Fuel Surcharge Antitrust Litig., 286 F.R.D. 88, 94 (D.D.C. 2012); Fernandez v. RentGrow, Inc., No. 19-1190, 2022 WL 1782641, at *4-5 (D. Md. June 1, 2022).

In light of the foregoing findings on the Hilton factors, the Court concludes that a Rule 23(f) stay is appropriate.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Stay (Doc. No. 433) is **GRANTED** and this matter is stayed pending resolution of Defendant's appeal. Defendant's submission regarding class notice form (Doc. No. 435) and Plaintiffs' request to send class notice (Doc. No. 436) are terminated as moot.

*Max O. Cogburn Jr*
United States District Judge

Signed: January 17, 2024